ROBERT L. THOMAS, ADMINISTRATOR OF THE ESTATE OF JOYCE THOMAS, DECEASED v. ERNEST EDWARD POOLE, JR., AND GUY R. RANKIN SECURITY SERVICE CORPORATION, T/A VANGUARD SECURITY SERVICE

No. 8014SC1059

(Filed 6 October 1981)

Courts § 2.4; Trial §§ 6.1, 6.2— service of process—waiver of objection by stipulation—attempted withdrawal of stipulation

 The corporate defendant waived its right to assert the defense of insufficiency of service of process by a stipulation in a proposed pretrial order duly signed by counsel for plaintiff and defendant that all parties were properly before the court and that the court had jurisdiction of the parties and subject matter. Furthermore, defendant's filing of a purported withdrawal of such stipulation was ineffective since the proper method to withdraw or repudiate a stipulation is by motion in the cause on notice to the opposite party, and since defendant failed to allege that the stipulation was inadvertently or mistakenly made, that it was made by counsel without authority, or that there was any other just cause for withdrawal.

APPEAL by defendant from *Lee, Judge*. Order entered 15 September 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 31 August 1981.

This is an action for wrongful death. Joyce Thomas, employed as a switchboard operator by Lincoln Hospital, Durham, North Carolina, was unintentionally shot and killed on 7 February 1975, by defendant Poole. Poole was employed as a security guard by Guy R. Rankin Security Service Corporation, trading as Vanguard Security Service.

In the complaint plaintiff named as defendants, in addition to Poole and corporate defendant, Guy Rankin individually and Dwight Dunlap, another security guard employed by Rankin Security. Dwight Dunlap had used defendant Poole's gun and had added a sixth bullet to the five Poole usually kept in the gun. Plaintiff alleged that Dunlap was negligent because he returned the gun to Poole without telling Poole about the sixth bullet.

In their answer, corporate defendant and Rankin pleaded that the court lacked jurisdiction over them and that service of process was insufficient, and moved that the action be dismissed. Corporate defendant was served with a copy of the complaint and summons by service upon Ann Dickinson, secretary to Guy Rankin, President of corporate defendant.

On 15 December 1978, a proposed final pre-trial order that had been signed by the parties was filed with the Clerk.

On 6 December 1978, defendants Rankin, Dunlap, and corporate defendant filed motions for summary judgment. Plaintiff appealed to this Court the order granting summary judgment on 22 January 1979 in favor of the defendants. On 19 February 1980, this Court affirmed the summary judgments in favor of defendants Rankin and Dunlap, but reversed the summary judgment in favor of corporate defendant. *Thomas v. Poole*, 45 N.C. App. 260, 262 S.E. 2d 854, *cert. denied*, 300 N.C. 202, 269 S.E. 2d 628 (1980).

On 4 September 1980, corporate defendant filed a purported withdrawal of the stipulation in the final pre-trial order that all parties were properly before the Court and that the Court had jurisdiction of the parties.

After a hearing on 15 September 1980, corporate defendant's motion to dismiss the complaint on the ground of insufficiency of

service of process was denied. From the order denying said motion, corporate defendant appeals.

*Hedrick, Feerick, Eatman, Gardner & Kincheloe by Hatcher Kincheloe for plaintiff appellee.*

*Spears, Barnes, Baker & Hoof by Alexander H. Barnes for defendant appellant.*

CLARK, Judge.

In determining whether the trial court erred in denying the corporate defendant's motion to dismiss the complaint on the ground of insufficiency of service of process, we elect first to direct our attention to the question of waiver of the defense. We think it is clear that corporate defendant waived its right to assert the defense of insufficiency of service of process by the jurisdiction stipulation contained in the proposed pre-trial order which was duly signed and filed by counsel for plaintiff and defendant on 15 December 1978. The first stipulation contained in this pre-trial order reads as follows: "It is stipulated that all parties are properly before the Court and that the Court has jurisdiction of the parties and subject matter."

The courts in this State look with favor upon stipulations designed to simplify, shorten or settle litigation and save costs to the parties. *R.R. Co. v. Horton,* 3 N.C. App. 383, 165 S.E. 2d 6 (1969). Parties may establish by stipulation any material fact that has been in controversy between them. Where the stipulations of plaintiff and defendant have been entered of record, and there is no contention that the attorney for either party was not authorized to make such stipulations, the parties are bound and cannot take a position inconsistent with the stipulations. *Heating Co. v. Construction Co.,* 268 N.C. 23, 149 S.E. 2d 625 (1966); *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460 (1958). Where facts are stipulated, they are deemed established as fully as if determined by a jury verdict. The stipulations are judicial admissions and are therefore binding in every sense, preventing the party who agreed to the stipulation from introducing evidence to dispute it and relieving the other party of the necessity of producing evidence to establish an admitted fact. *Smith v. Beasley,* 298 N.C. 798, 259 S.E. 2d 907 (1979); *Realtors, Inc. v. Kinard,* 45 N.C. App. 545, 263 S.E. 2d 38, *cert. denied,* 300 N.C. 375, 267 S.E. 2d 677 (1980). The stipulation entered into on 15 December 1978 between the parties acknowledged that all parties were properly before

the court and that the court had jurisdiction over the parties. There has been no allegation presented that the attorneys for corporate defendant were unauthorized to enter into such a stipulation. The stipulation was valid between the parties as a judicial admission and was clearly intended by them to be a partial settlement of some of the issues to be presented at trial. This stipulation was a submission to the jurisdiction of the court and therefore prevents corporate defendant from now asserting as a defense the insufficiency of service of process. Though the stipulations were contained in a "Pre-trial Order" which was never effective as a final pre-trial order under G.S. 1A-1, Rule 16(7) because never approved and signed by a trial judge, the stipulations were nevertheless judicial admissions and binding on the parties.

The corporate defendant filed on 4 September 1980 a "Withdrawal of Stipulation" providing that it "withdraws that stipulation . . . to the effect that all parties are properly before the Court and that the Court has jurisdiction of the parties." Corporate defendant did not allege that the stipulation was inadvertently or mistakenly made, or that it was made by counsel without authority, or that there was any other just cause for withdrawal.

A party to a stipulation who desires to withdraw or repudiate it should seek to do so by motion in the cause on notice to the opposite party. And delay in asking for relief may defeat the right to withdraw or set aside. *Napoli v. Philbrick*, 8 N.C. App. 9, 173 S.E. 2d 574 (1970); *R.R. Co. v. Horton, supra*; 83 C.J.S. Stipulations § 30 (1953).

We find that the corporate defendant's attempt to withdraw the stipulation was ineffective. Having so found, it is not necessary to determine if corporate defendant waived its lack of jurisdiction defense by delay in requesting a hearing for a period of more than four years and seven months after raising the issue in its answer and after this Court had ruled on the appeal from the summary judgment.

The order of the trial court denying the motion to dismiss for insufficiency of service is

Affirmed.

Chief Judge MORRIS and Judge WELLS concur.