BARBARA J. DAVIS v. TOWN OF SOUTHERN PINES

No. 9020SC246

(Filed 5 February 1991)

1. **Municipal Corporations § 4.4 (NCI3d)— tap-on charge for city sewer line—different amounts charged different customers— no discrimination**

   The provision of a city ordinance requiring petitioner to pay $950 to tap onto a city sewer line was not discriminatory, though the town allowed some homeowners to tap onto the service for $200, since the provision was rationally related to the town's costs in providing the service involved.

   **Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 574.**

2. **Municipal Corporations § 25 (NCI3d)— improper assessment— argument not made in trial court—stipulation controlling**

   Petitioner could not argue on appeal that an ordinance of respondent town was invalid because it imposed an assessment and the procedures for imposing assessments were not followed, since that argument was not asserted in the trial court, and the case was adjudicated upon stipulated facts, one of which was that the tap-on charge petitioner paid was not an assessment.

   **Am Jur 2d, Appeal and Error §§ 566, 825.**

APPEAL by petitioner from judgment entered 28 December 1989 by *Judge F. Fetzer Mills* in MOORE County Superior Court. Heard in the Court of Appeals 24 September 1990.

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by S. Jon Fullenwider and Bruce T. Cunningham, Jr., for petitioner appellant.*

*Brown, Robbins, May, Pate, Rich, Scarborough & Burke, by W. Lamont Brown, for respondent appellee.*

PHILLIPS, Judge.

The judgment appealed from dismissed petitioner's declaratory judgment action to invalidate an ordinance of the Town of Southern

Pines under which she was charged $950 for tapping onto the Town's sewer line in front of her house. G.S. 160A-314(a) authorizes towns and cities to establish charges, fees and rates for their services and the ordinance involved was enacted pursuant thereto on 13 February 1979. It provides that "any property owner desiring to connect to the Town's wastewater (sewage) collection system, where that system has been extended at Town expense and where no assessment or other special connection charges have been established, shall pay a connection charge of $950.00." The Town by resolution has a normal charge of $200 for tapping onto sewer lines that have been extended without expense to the Town, or if extended at the Town's expense the property owners adjacent to the line have been assessed therefor. The $950 charge was exacted of petitioner because the sewer line was extended along her property in 1980 at the Town's expense, and no assessment or other special connection charge had been established for it.

[1] The only question presented is whether the provision requiring petitioner to pay $950 to tap onto the sewer line is discriminatory since the Town permits some homeowners to tap onto the service for $200. The provision is not discriminatory because it is rationally related to the Town's costs in providing the service involved. *Town of Spring Hope v. Bissette*, 53 N.C. App. 210, 280 S.E.2d 490 (1981), *aff'd*, 305 N.C. 248, 287 S.E.2d 851 (1982).

[2] Petitioner further argues that the ordinance is invalid because it imposes an assessment and the procedures for imposing assessments were not followed. The argument cannot be entertained because that position was not asserted in the trial court. The case was adjudicated upon stipulated facts, one of which is that the tap-on charge that plaintiff paid is not an assessment, and the facts agreed to in the trial court cannot be contradicted here. *Thomas v. Poole*, 54 N.C. App. 239, 282 S.E.2d 515 (1981), *disc. review denied*, 304 N.C. 733, 287 S.E.2d 902 (1982). Furthermore, it has been generally held that sewer charges are not assessments, but tolls or rents for using the facilities involved. *Covington v. City of Rockingham*, 266 N.C. 507, 146 S.E.2d 420 (1966).

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.