**IN RE CHURCH**

[136 N.C. App. 654 (2000)]

IN THE MATTER OF: HEATHER E. CHURCH AND KENDRA MARYE CHURCH, MINOR
CHILDREN; CALDWELL COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER/APPELLEE v. MICHELLE RENAE JOPLIN, RESPONDENT/APPELLANT;
ROBERT CHARLES CHURCH, RESPONDENT/APPELLANT

No. COA99-231

(Filed 15 February 2000)

**1. Termination of Parental Rights— standard of proof—clear
and convincing evidence—statement required in order**

The order of the trial court terminating respondents' parental
rights is vacated and remanded because N.C.G.S. § 7A-289.30(e)
(now N.C.G.S. § 7B-1109(f)) requires the trial court to affirma-
tively state in its order the clear and convincing evidence stand-
ard of proof utilized in the termination proceeding, and the order
failed to do so.

**2. Termination of Parental Rights— sufficiency of evidence**

Although there was competent evidence before the trial court
to support a finding that statutory grounds existed under
N.C.G.S. § 7A-517 (now N.C.G.S. § 7B-100 et seq.) to terminate
parental rights based on neglect, dependence, and the children
being placed in foster care for a period of twelve months, this
case must be remanded for the trial court to determine whether
the evidence satisfies the required standard of proof of clear and
convincing evidence under N.C.G.S. § 7A-289.30(e) (now N.C.G.S.
§ 7B-1109(f)).

Appeal by respondents from order entered 26 August 1998 and
filed 17 September 1998 by Judge Jonathan L. Jones in Caldwell
County District Court. Heard in the Court of Appeals 5 October 1999.

*Caldwell County Department of Social Services, by Darrell
Pope, Staff Attorney, for petitioner-appellee.*

*Joseph C. Delk, III for respondent-appellant Church.*

*Scott D. Conrad for respondent-appellant Joplin.*

*No brief filed by Guardian Ad-Litem Dewey Keller.*

WALKER, Judge.

Respondents' parental rights were terminated in the Caldwell
County Juvenile Court on 26 August 1998. Respondents Robert

Charles Church and Michelle Renae Joplin, although never married, are the biological parents of the minor children K.M.C. and H.E.C. Caldwell County Department of Social Services (DSS) has been involved with the respondents since July 1994.

After petitions alleging neglect and dependency were filed on 20 February 1996, the children were ordered into non-secure custody with DSS and were returned to the home of respondent Joplin on 13 March 1996 after temporary improvements made by respondent Joplin. Respondent Church moved from respondent Joplin's house on or about 1 April 1996. After conditions at respondent Joplin's house deteriorated, another non-secure custody order placing the children with DSS was entered 23 April 1996 and continued in effect until the children were adjudicated to be neglected and dependant at the 29 May 1996 hearing when DSS took custody of the children. Pending the next hearing on 28 August 1996, respondents showed little improvement and custody remained with DSS. However, by the next review on 27 November 1996, respondents exhibited substantial improvements and the children were returned to respondents' home on 24 December 1996. At the court ordered review on 26 February 1997, reunification efforts were continued and at the next review on 28 May 1997, full legal custody was returned to the respondents and no further reviews were scheduled.

The children remained in respondent Joplin's home until 18 July 1997, when the children were found unsupervised at 10:00 p.m. walking down the road in the mobile home park in which they lived. The children were transported to DSS later that night and were placed with respondent Church's mother, the paternal grandmother, until some time after the adjudication. Respondent Church was residing with his mother at the time.

On 5 August 1997, a petition was filed alleging abuse, neglect, and dependency. The trial court adjudicated the children neglected and dependent at the adjudication hearing and returned custody of the children to DSS on 8 October 1997. On 31 October 1997, a petition to terminate respondents' parental rights was filed, which was granted by the trial court at the 26 August 1998 hearing.

[1] Respondents assign as error the trial court's failure to recite the standard of proof relied upon in terminating parental rights. Specifically, the trial court's failure to state that the findings of fact adduced from the 26 August 1998 adjudicatory hearing were based upon clear, cogent, and convincing evidence is reversible error.

The North Carolina termination statute establishes a two-stage termination proceeding. N.C. Gen. Stat. § 7A-289.30[1], governs the adjudication stage and provides in part:

> (d) The court shall take evidence, find the facts, and shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7A-289.32 which authorize the termination of parental rights of the respondent.
>
> (e) All findings of fact shall be based on clear, cogent, and convincing evidence.

N.C. Gen. Stat. § 7A-289.30 (1995).

N.C. Gen. Stat. § 7A-289.31[2] governs the disposition stage of a termination proceeding and provides in pertinent part that:

> (a) Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent with respect to the child unless the court shall further determine that the best interests of the child require that the parental rights of such parent not be terminated.

N.C. Gen. Stat. § 7A-289.31(a) (1995). Our Supreme Court, in addressing these two sections, has stated:

> in the adjudication stage, the petitioner must prove clearly, cogently, and convincingly the existence of one or more of the grounds for termination listed in N.C. Gen. Stat. § 7A-289.32. Once the petitioner has proven this ground by this standard, it has met its burden within the statutory scheme of N.C. Gen. Stat. § 7A-289.30(d) and (e) and § 7A-289.31(a). The petitioner having met his burden of proof at the adjudication stage, the court then moves on to the disposition stage, where the court's decision to terminate parental rights is discretionary.

*In re Montgomery*, 311 N.C. 101, 110, 316 S.E.2d 246, 252 (1984). Sections 7A-289.30 and 7A-289.31 "provide that the court exercises its discretion in the dispositional stage only after the court has found that there is clear and convincing evidence of one of the statutory

---

1. Repealed by Session Law 1998-202, s. 5, effective July 1, 1999. See now § 7B-1109.

2. Repealed by Session Law 1998-202, s. 5, effective July 1, 1999. See now § 7B-1110.

**IN RE CHURCH**

[136 N.C. App. 654 (2000)]

grounds for terminating parental rights during the adjudicatory stage." *In re Carr*, 116 N.C. App. 403, 407, 448 S.E.2d 299, 302 (1994).

Although the termination statute does not specifically require the trial court to affirmatively state in its order terminating parental rights that the allegations of the petition were proved by clear and convincing evidence, without such an affirmative statement the appellate court is unable to determine if the proper standard of proof was utilized. Furthermore, we note the legislature has specifically required the standard of proof utilized by the trial court be affirmatively stated in the context of delinquent, undisciplined, abuse, neglect and dependent proceedings. N.C. Gen. Stat. § 7A-637 (1995)[3]. Because termination proceedings and delinquent, undisciplined, abuse, neglect, and dependent proceedings are all contained in a single chapter of the General Statutes and relate to the same general subject matter, we construe these statutes together to determine legislative intent. *See Carver v. Carver*, 310 N.C. 669, 674, 314 S.E.2d 739, 742 (1984). Accordingly, we read section 7A-289.30(e) (now section 7B-1109(f)) to require the trial court to affirmatively state in its order the standard of proof utilized in the termination proceeding.

Here, in its adjudicatory order, the trial court concluded in part:

2. Statutory grounds pursuant to Chapter 7A of the General Statutes of North Carolina exist to terminate the parental rights of both named parents as set forth below:

    a. With respect to both parents, both children are neglected within the meaning of N.C. Gen. Stat. § 7A-517(21);

    b. With respect to both parents, they are incapable of providing for the proper care and supervision of these children such that the children are dependent within the meaning of N.C. Gen. Stat. § 7A-517(13) and that there is a reasonable probability that such incapability will continue in the foreseeable future;

    c. Pursuant to N.C. Gen. Stat. § 7A-289.32(3), the children were in the full legal and physical custody of the Caldwell County Department of Social Services on three separate occasions totaling over sixteen months (at time petition was filed) or 26 months (at time of hearing on this petition) and neither parent has shown to the satisfaction of

---

3. Repealed by Session laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-807 and § 7B-2411.

the Court that reasonable progress under the circumstances has been made to correct the conditions which led to the removal of the children.

The trial court failed to recite the standard of proof applied in its adjudication order and its failure to do so is error. Petitioner contends that even if the trial court erred by not stating the standard of proof, the error should be deemed "harmless error where the Respondent-Appellant is not prejudiced and the trial court in fact based its decision upon sufficient evidence and testimony which was clear, cogent, and convincing to the trial court." However, since the trial court is required to state that the proper standard of proof has been applied, we cannot conclude the error here was harmless.

[2] Next, respondents argue that the trial court's conclusions that statutory grounds existed to terminate parental rights based on neglect, dependence, and the children's being placed in foster care for a period of twelve months were not supported by sufficient evidence.

A review of the record reveals there was competent evidence before the trial court to support a finding that any of the above three statutory grounds existed for termination of parental rights. However, the case must be remanded for the trial court to determine whether the evidence satisfies the required standard of proof of clear and convincing evidence.

Vacated and remanded.

Judges GREENE and HUNTER concur.