**IN RE A.K.D.**

[227 N.C. App. 58 (2013)]

IN THE MATTER OF A.K.D. AND O.R.D.

No. COA12-1355

Filed 7 May 2013

**Termination of Parental Rights—grounds for termination—improper reliance on stipulation**

The trial court erred in a termination of parental rights case by terminating respondent's rights to his two children. The trial court improperly relied on the parties' stipulation that grounds existed to terminate respondent's parental rights under N.C.G.S. § 7B-1111(a)(7).

Appeal by respondent-father from orders entered 13 August 2012 by Judge Robert Trivette in Dare County District Court. Heard in the Court of Appeals 17 April 2013.

*Laura F. Meads for petitioner-appellee mother.*

*Mary McCullers Reece for respondent-appellant father.*

HUNTER, JR., Robert N., Judge.

The juveniles' father ("Respondent") appeals from orders terminating his parental rights to his minor children A.K.D. and O.R.D. ("the juveniles"). Because the trial court erred by relying on an improper stipulation to the sole ground for termination of parental rights, we reverse and remand for new hearing.

## I. Facts & Procedural History

On 28 October 2011, the juveniles' mother ("Petitioner") petitioned to terminate Respondent's parental rights to the juveniles. Petitioner alleged Respondent: (i) failed to pay court-ordered child support; (ii) neglected the juveniles; and (iii) abandoned the juveniles. On 28 November 2011, Respondent filed a *pro se* response denying the allegations.

The trial court held hearings on 18 April, 18 June and 3 July 2012. On 13 August 2012, the trial court entered orders terminating Respondent's parental rights to the juveniles. In its orders, the trial court made the following factual finding:

IN RE A.K.D.

[227 N.C. App. 58 (2013)]

> The parties stipulated that the Court could find by clear, cogent, and convincing evidence that [Respondent] willfully abandoned the juvenile[s] for at least six months immediately preceding the filing of the petition and that grounds exist to terminate [Respondent's] parental rights under NCGS § 7B-1111(7).

Based on this stipulation, the trial court concluded as a matter of law that grounds existed to terminate Respondent's parental rights. The trial court then concluded it was in the juveniles' best interests to terminate Respondent's parental rights. On 29 August 2012, Respondent filed timely notice of appeal.

## II. Jurisdiction & Standard of Review

This Court has jurisdiction to hear the instant case pursuant to N.C. Gen. Stat. § 7B-1001(a)(6) (2011) (stating that "appeal of a final order of the court in a juvenile matter shall be made directly to the Court of Appeals" when the order "terminates parental rights").

> There is a two-step process in a termination of parental rights proceeding. In the adjudicatory stage, the trial court must establish that at least one ground for the termination of parental rights listed in [N.C. Gen. Stat. § 7B–1111] exists. . . . Once one or more of the grounds for termination are established, the trial court must proceed to the dispositional stage where the best interests of the child are considered. There, the court shall issue an order terminating the parental rights unless it further determines that the best interests of the child require otherwise.

*In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001) (internal citations omitted).

For the trial court's adjudicatory determination, "[t]he standard for appellate review is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether those findings of fact support its conclusions of law."[1] *In re C.C.*, 173 N.C. App. 375, 380, 618 S.E.2d 813, 817 (2005). Clear, cogent and convincing evidence requires more proof than the "preponderance of the evidence"

---

1. The "clear, cogent and convincing" standard is synonymous with the "clear and convincing" standard used in some cases. *Blackburn*, 142 N.C. App. at 610, 543 S.E.2d at 908.

standard but less than the "beyond a reasonable doubt" standard. *Bost v. Van Nortwick*, 117 N.C. App. 1, 13–14, 449 S.E.2d 911, 918 (1994).

We review adjudicatory conclusions of law *de novo*. *In re D.H.*, 177 N.C. App. 700, 703, 629 S.E.2d 920, 922 (2006). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quotation marks and citation omitted).

We review the trial court's dispositional "best interests of the child" determination for abuse of discretion. *See In re S.F.*, 198 N.C. App. 611, 614, 682 S.E.2d 712, 715–16 (2009); *In re A.R.H.B.*, 186 N.C. App. 211, 218, 651 S.E.2d 247, 253 (2007). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

### III. Analysis

On appeal, Respondent argues the trial court erred by relying on the parties' stipulation that grounds existed to terminate Respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(7). We agree.

In North Carolina, "stipulations are judicial admissions and are therefore binding in every sense, preventing the party who agreed to the stipulation from introducing evidence to dispute it and relieving the other party of the necessity of producing evidence to establish an admitted fact." *Thomas v. Poole*, 54 N.C. App. 239, 241, 282 S.E.2d 515, 517 (1981).

"When construing a stipulation a court must attempt to effectuate the intention of the party making the stipulation as to what facts were to be stipulated without making a construction giving the stipulation the effect of admitting a fact the party intended to contest." *In re I.S.*, 170 N.C. App. 78, 87, 611 S.E.2d 467, 473 (2005). However, "[s]tipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate." *State v. Prush*, 185 N.C. App. 472, 480, 648 S.E.2d 556, 561 (2007) (quotation marks and citation omitted).

Under N.C. Gen. Stat. § 7B-1111(a)(7), grounds for terminating parental rights exist where the parent has "willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion." N.C. Gen. Stat. § 7B-1111(a)(7) (2011). "Abandonment implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child." *In re Adoption of Searle*, 82

N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986). "In this context, the word 'willful' encompasses more than an intention to do a thing; there must also be purpose and deliberation. *Whether a biological parent has a willful intent to abandon his child is a question of fact to be determined from the evidence." In re T.C.B.*, 166 N.C. App. 482, 485, 602 S.E.2d 17, 19 (2004) (emphasis added)(quotation marks and internal citations omitted).

In the present case, Respondent argues the trial court erred by relying on the parties' stipulation that grounds for terminating his parental rights exist. We agree.

At the 18 April 2012 adjudication hearing, the following discussion occurred between Respondent's counsel, Petitioner's counsel, and the trial court:

> [Respondent's counsel]: [W]hat I have discussed with my client is, for the adjudicatory phase only, to stipulate the grounds exist for the adjudication only, not for the dispositional portion of the hearing, and he's agreed to do that. . . .
>
> . . . .
>
> THE COURT: . . . What do we need to do as far as this adjudication—— stipulation on the adjudication? What exactly are we stipulating to?
>
> [Petitioner's counsel]: I believe it's that grounds have been met, specifically that abandonment.
>
> [Respondent's counsel]: The only ground that is time here—— that is timely alleged is the abandonment.
>
> [Petitioner's counsel]: Which is 7B-1111 subsection 7.
>
> THE COURT: All right. Do you agree with that, [Petitioner's counsel], both the ground that's alleged, and that's the ground under which the stipulation is?
>
> [Petitioner's counsel]: Yes.
>
> [Respondent's counsel]: I do.
>
> . . . .
>
> THE COURT: So do we need to stipulate as to any specific findings or just that—— that there are findings—— there are facts that support that stipulation?

**IN RE A.K.D.**

[227 N.C. App. 58 (2013)]

[Respondent's counsel]: Yes, by the presumptive—— I'm trying to figure——

[Petitioner's counsel]: By clear, cogent, and convincing evidence [*Inaudible*] there are facts—— the parties have stipulated that the facts at issue here will show that [Respondent] willfully abandoned the juvenile for at least six months immediately preceding the filing of this petition, and we just need specifically that ground.

THE COURT: All right.

[Petitioner's counsel]: And then we would have to make——

THE COURT: I don't want to have to come back later and get in an argument about what facts support that finding.

[Respondent's counsel]: No. On disposition—— I mean, on disposition, it's—— there is no dispute of fact that he has not seen the children for over a six month period of time. At the dispositional phase, we'll be presenting evidence as to why that occurred, but there's no dispute that he has not——

THE COURT: But it did occur.

[Respondent's counsel]: Yes, sir.

THE COURT: All right. And that doesn't preclude him in any way at the disposition hearing to explain why that occurred.

[Respondent's counsel]: Yes, sir.

In this discussion, Respondent's attorney twice stipulated that the ground of willful abandonment existed. However, this stipulation is an invalid stipulation to a conclusion of law.

In the relevant exchange, the trial court recognized it needed factual stipulations to support its conclusion that willful abandonment existed. Although Petitioner's counsel stipulated these facts existed, Respondent's counsel only stipulated there was "no dispute of fact that he has not seen the children for over a six month period of time." Respondent's stipulation only eliminated Petitioner's need to prove Respondent abandoned the juveniles for at least six consecutive months immediately preceding the termination petitions. *See Thomas*, 54 N.C.

**IN RE C.W.N.**

[227 N.C. App. 63 (2013)]

App. at 241; 282 S.E.2d at 517. Respondent never stipulated his abandonment was willful.[2] Since Petitioner presented no evidence during the hearing's adjudicatory phase, no facts support the trial court's conclusion that the abandonment was willful. Accordingly, the trial court's adjudication under N.C. Gen. Stat. § 7B-1111(a)(7) is not supported by its findings of fact.

### IV. Conclusion

Because the parties' stipulation failed to establish the sole ground found for termination, we reverse the trial court's orders terminating Respondent's parental rights and remand for a new hearing. Since we remand for new hearing, we do not address Respondent's challenge to the trial court's conclusion that terminating his parental rights in is the juveniles' best interests.

REVERSED and REMANDED.

Judges STROUD and DILLON concur.

---

2. Additionally, Respondent's counsel repeatedly stated she intended to explain "why" Respondent abandoned the juveniles during the disposition phase of the trial. We believe this statement further indicates Respondent denied the abandonment was willful.