ZACHARY, Judge.
 

 *291
 
 Respondent-mother appeals from a consent order adjudicating her son "Jonah"
 
 [1]
 
 an abused and neglected juvenile, together with the resulting dispositional order that maintained
 
 *127
 
 the child in the custody of New Hanover Department of Social Services ("DSS") and directed DSS to cease efforts toward reunification. Respondent-father has withdrawn his appeal by filing notice in the trial court pursuant to N.C. R. App. P. 37(e).
 

 On 23 September 2015, DSS filed a juvenile petition claiming that seven-month-old Jonah was abused and neglected. The petition alleged that respondents brought Jonah to the hospital for "leg and arm spasms ... similar to seizures." The spasms had been occurring for a period of two to three weeks. An initial examination revealed that Jonah had experienced two "brain bleeds, one appearing old in nature, the other appearing of a more recent nature." X-rays also showed a possible skull
 
 *292
 
 fracture. Jonah was transferred to UNC-Chapel Hill Medical Center, where doctors found injuries consistent with
 

 significant high impact trauma to the head. There is an old injury to the right side of the head manifested by the appearance of old blood and dead tissue with shrinkage of the brain noted. This is demonstrative of an injury which occurred weeks to months earlier. There is a very large amount of fluid on the brain, representative of an injury which occurred days to weeks earlier. The MRI revealed evidence of possible shearing injuries.
 

 A doctor described Jonah's injuries to DSS as "very significant for non-accidental trauma." According to the petition, respondents were unable to account for "the severity of the injuries that [Jonah] has sustained." They cited several instances of Jonah falling from his bed, changing table, or stroller, as well as one occasion when a recoiling screen door had struck the child in the head.
 

 Both respondents were charged with felonious child abuse. In July 2016, respondent-mother pleaded guilty to child abuse by grossly negligent omission resulting in serious bodily injury to the child.
 
 N.C. Gen. Stat. § 14-318.4
 
 (a4) (2015). She was sentenced to an active prison term of twenty-five to forty-two months.
 

 On 8 August 2016, respondents appeared in court and tendered a "Consent Order on Adjudication" signed by all parties and their counsel.
 
 [2]
 
 The order provides that the parties "have stipulated and agreed to the entry of this Order which provides for the following facts, conclusions of law and order" adjudicating Jonah as neglected and abused. Among the parties' stipulated facts are the following:
 

 4. [Jonah] is a neglected and abused juvenile in that a parent, guardian, custodian or caretaker has inflicted or allowed to be inflicted a serious physical injury by other than accidental means, in that on or about September 22, 2015, [Jonah] was diagnosed with a possible skull fracture and two brain bleeds and said injury has been determined to be non-accidental by his treating physicians.
 

 ...
 

 *293
 
 6. The enormity and consequences of the injuries to the minor child were increased as a result of one or both parents failing to seek medical treatment in a timely manner.
 

 7. The parents were subsequently charged with having committed felonious assault on the child. Respondent Father is presently awaiting trial.... Respondent Mother entered into a plea agreement on or about July 21, 2016 wherein she pled guilty to one count of felony child abuse-neglect- serious bodily injury.
 

 ...
 

 13. The stipulations and agreements made regarding the factual circumstances set forth herein are made by the parents after thoughtful consideration as to the best interest of their child and for the purposes of resolving this case in the most expeditious manner.
 

 The order reserved the rights of all parties "to present any further evidence or reports ... at the disposition hearing."
 

 After signing the consent adjudication order, the trial court proceeded to disposition. It received written reports prepared by DSS
 

 *128
 
 and the guardian
 
 ad litem
 
 and heard arguments from counsel. In its "Order on Disposition" entered 6 September 2016, the court maintained Jonah in DSS custody, ceased reunification efforts with the parents, and scheduled a permanency planning hearing for 15 September 2016. Respondents were each awarded one hour per month of supervised visitation upon their release from confinement.
 

 In her lone argument on appeal, respondent-mother challenges the validity of the "Consent Adjudication Order" based on the trial court's failure to state that the adjudicatory findings of fact were made under the "clear and convincing evidence" standard of proof required by N.C. Gen. Stat. § 7B-805 (2015). She cites our decision in
 
 In re Church
 
 ,
 
 136 N.C.App. 654
 
 ,
 
 525 S.E.2d 478
 
 (2000), in which we reversed an ordering terminating parental rights due to the failure of the "trial court to affirmatively state in its order the standard of proof utilized in the termination proceeding."
 
 Id.
 
 at 657,
 
 525 S.E.2d at
 
 480 ;
 
 see also
 
 N.C. Gen. Stat. § 7B-1109(f) (2015) (requiring petitioner to prove facts by "clear, cogent, and convincing evidence" at the adjudicatory stage of a termination proceeding);
 
 In re D.R.B.
 
 ,
 
 182 N.C.App. 733
 
 , 739,
 
 643 S.E.2d 77
 
 , 81 (2007) (citation omitted) (requiring termination order to "indicate the evidentiary standard under which the court made its adjudicatory findings of
 
 *294
 
 fact"). Respondent-mother further states that this Court has applied the holding in
 
 In re Church
 
 to an initial adjudication of abuse, neglect, or dependency under N.C. Gen. Stat. § 7B-805.
 
 See
 

 In re E.N.S.
 
 ,
 
 164 N.C.App. 146
 
 , 152,
 
 595 S.E.2d 167
 
 , 171 (noting "there is clear case law that holds the order of the trial court must affirmatively state the standard of proof utilized"),
 
 disc. review denied
 
 ,
 
 359 N.C. 189
 
 ,
 
 606 S.E.2d 903
 
 -04 (2004) (citation omitted). However, we find
 
 Church
 
 and its progeny distinguishable from the present case.
 

 Article 8 of the Juvenile Code provides two procedural paths for an adjudication of abuse, neglect, or dependency: an adjudicatory hearing or an adjudication by consent. As we explained in
 
 In re K.P.
 
 , --- N.C.App. ----,
 
 790 S.E.2d 744
 
 (2016) :
 

 When a juvenile is alleged to be abused, neglected, or dependent, N.C. Gen. Stat. § 7B-802 (2015) requires the court to conduct an "adjudicatory hearing" in the form of "a judicial process designed to adjudicate the existence or nonexistence of any of the conditions alleged in a petition." ... "[T]he allegations in a petition alleging that a juvenile is abused, neglected, or dependent shall be proved by clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2015)....
 

 "An adjudication of abuse, neglect or dependency
 
 in the absence of an adjudicatory hearing
 
 is permitted only in very limited circumstances." N.C. Gen. Stat. § 7B-801(b1) (2015) authorizes the court to enter "a consent adjudication order" only if: (1) all parties are present or represented by counsel, who is present and authorized to consent; (2) the juvenile is represented by counsel; and (3) the court makes sufficient findings of fact.
 

 Id
 
 . at ----,
 
 790 S.E.2d at 747
 
 (quoting
 
 In re Shaw
 
 ,
 
 152 N.C.App. 126
 
 , 129,
 
 566 S.E.2d 744
 
 , 746 (2002) ) (emphasis added).
 

 The statute upon which respondent-mother relies, N.C. Gen. Stat. § 7B-805, is titled "Quantum of proof in
 
 adjudicatory hearing
 
 ."
 

 Id.
 

 (emphasis added). In
 
 In re Church
 
 and each additional case cited by respondent-mother, the trial court entered its order after an adjudicatory hearing-either at the initial adjudication stage under Article 8 or in a termination of parental rights proceeding under Article 11,
 
 see
 
 N.C. Gen. Stat. § 7B-1109 (2015).
 
 In re J.D.S.
 
 ,
 
 170 N.C.App. 244
 
 , 247, 253,
 
 612 S.E.2d 350
 
 , 353, 356,
 
 disc. review denied
 
 ,
 
 *295
 

 360 N.C. 64
 
 ,
 
 623 S.E.2d 584
 
 (2005) ;
 
 E.N.S.
 
 ,
 
 164 N.C.App. at 148, 152
 
 ,
 
 595 S.E.2d at 169
 
 , 171 ;
 
 Church
 
 ,
 
 136 N.C.App. at 655
 
 ,
 
 525 S.E.2d at 479
 
 .
 

 Here, the trial court entered a consent adjudication order pursuant to N.C. Gen. Stat. § 7B-801(b1), without an adjudicatory hearing and based entirely on stipulated facts.
 
 See generally
 

 In re I.S.
 
 ,
 
 170 N.C.App. 78
 
 , 86,
 
 611 S.E.2d 467
 
 , 472 (2005). (" '[S]tipulations are judicial admissions and are therefore binding in every sense, preventing the party who agreed to the stipulation from introducing evidence to dispute it and relieving
 
 *129
 
 the other party of the necessity of producing evidence to establish an admitted fact.' " (quoting
 
 Thomas v. Poole
 
 ,
 
 54 N.C.App. 239
 
 , 241,
 
 282 S.E.2d 515
 
 , 517 (1981) )). As there was no adjudicatory hearing, the court did not receive or weigh evidence, assess the credibility of witnesses, or otherwise engage in the process of fact-finding.
 
 See generally
 

 In re Gleisner
 
 ,
 
 141 N.C.App. 475
 
 , 480,
 
 539 S.E.2d 362
 
 , 365 (2000) (noting "the duty of the trial judge to consider and weigh all of the competent evidence, and to determine the credibility of the witnesses and the weight to be given their testimony"). The court thus had no occasion to apply the "clear and convincing evidence" standard of proof or any other standard. Under these circumstances, we decline to extend our holding in
 
 In re Church
 
 to find reversible error based on the failure of the consent adjudication order to state the evidentiary standard contained in N.C. Gen. Stat. § 7B-805.
 
 [3]
 

 Respondent-mother does not challenge the sufficiency of the stipulated findings to support Jonah's adjudication as an abused and neglected juvenile.
 
 See
 
 N.C. Gen. Stat. § 7B-801(b1) (requiring consent adjudication order to contain "sufficient findings of fact"). Nor does she
 
 *296
 
 claim error with regard to the court's dispositional order. Accordingly, both orders are affirmed.
 

 AFFIRMED.
 

 Judges ELMORE and HUNTER, JR. concur.
 

 [1]
 

 We use this pseudonym to protect the juvenile's identity and for ease of reading.
 

 [2]
 

 The transcript reflects that respondent-father and his counsel signed the consent adjudication order during the hearing.
 

 [3]
 

 Another statute in Article 8, N.C. Gen. Stat. § 7B-807 (2015) ("Adjudication"), expressly provides that "[i]f the court finds from the evidence,
 
 including stipulations by a party
 
 , that the allegations in the petition have been proved by clear and convincing evidence,
 
 the court shall so state
 
 ." (Emphasis added);
 
 see also
 

 Church,
 

 136 N.C.App. at 657
 
 ,
 
 525 S.E.2d at
 
 480 (citing the statutory forebear to § 7B-807 to "note the legislature has specifically required the standard of proof utilized by the trial court be affirmatively stated in the context of ... abuse, neglect and dependent proceedings").
 

 Here, the trial court did not make any findings of fact, in that the parties consented to and stipulated to the entire order. Accordingly, section 7B-807 does not appear to be applicable. Moreover, respondent-mother does not cite to section 7B-807 in her principal brief, and her reference to the statute in her reply brief is insufficient to present a claim on appeal.
 
 Larsen v. Black Diamond French Truffles, Inc.
 
 ,
 
 241 N.C.App. 74
 
 , 79,
 
 772 S.E.2d 93
 
 , 96 (2015) (holding that "where a party fails to assert a claim in its principal brief, it abandons that issue and cannot revive the issue via reply brief").