GARY LOWERY, Employee, Plaintiff v. LOCKLEAR CONSTRUCTION, Employer; HARTFORD UNDERWRITERS INSURANCE COMPANY, Carrier; Defendants

No. COA98-259

(Filed 2 March 1999)

### Stipulations— setting aside—Industrial Commission

The Industrial Commission erred in a workers' compensation action by not treating a motion to submit additional evidence as a motion to set aside a stipulation. Defendants' motion was tantamount to a motion to set aside the stipulation and should have been treated as such by the Commission; the fact that it was not delineated as a motion to "set aside a stipulation" is not material.

LOWERY v. LOCKLEAR CONSTR.

[132 N.C. App. 510 (1999)]

Appeal by plaintiff and defendants from Opinion and Award filed 9 September 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 January 1999.

*Hester, Grady, Hester, Greene & Payne, by H. Clifton Hester, for plaintiff-appellant.*

*Morris, York, Williams, Surles & Brearley, by G. Lee Martin, for defendant-appellants.*

GREENE, Judge.

Hartford Underwriters Insurance Company (Defendant-carrier), Locklear Construction (Defendant-employer) (collectively, Defendants), and Gary Lowery (Plaintiff) appeal from the North Carolina Industrial Commission's (Commission) Opinion and Award ordering Defendants to pay Plaintiff temporary disability compensation.

While being transported to work on 7 April 1995, Plaintiff was involved in an automobile accident and sustained injuries to his knees and back.

Plaintiff filed a Notice of Accident (Form 18) with the Commission on 17 July 1995, and the matter was heard before Deputy Commissioner Phillip Holmes on 12 June 1996, who allowed the parties time to take the deposition of Dr. Dixon Gerber, one of Plaintiff's medical care providers. On 25 November 1996, the Deputy Commissioner entered an Opinion and Award ordering both Defendants to pay Plaintiff temporary total disability compensation from 7 April 1995 through 2 October 1995. In his Opinion and Award, the Deputy Commissioner also noted the stipulations of all the parties: (1) "The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act"; (2) "An employee-employer relationship existed between [Plaintiff] and [Defendant-employer] on April 7, 1995"; and (3) "[Defendant-carrier] was the carrier on the risk at the time of the alleged injury."

On 27 November 1996, Plaintiff filed notice of appeal to the Commission, and filed his application for review on 1 April 1997. On 7 May 1997, Defendants filed, and served on Plaintiff, a "Motion To Submit Additional Evidence To The Full Commission," containing, *inter alia*, the following declarations: (1) "Based on information available to [Defendant-carrier] at the time of the hearing,

[Defendant-carrier] stipulated that [Plaintiff] was an employee of [Defendant-employer] when he was actually an employee of Carl Locklear"; (2) Neither Plaintiff nor "Carl Locklear has [ever] worked for [Defendant-employer]"; (3) "Carl Locklear is a subcontractor of Great American Homes, Inc. . . . [and] does not have workers' compensation insurance"; and (4) "Great American Homes, Inc. has workers' compensation insurance through the Maryland Insurance Group." Defendant-carrier also requested the Commission substitute "Carl Locklear and Great American Homes, Inc. as parties to this action."

Defendants' motion also included affidavits from Keith Locklear and Sandra Conner. In his affidavit, Keith Locklear swore: (1) Keith Locklear was "the owner of [Defendant-employer]"; (2) "[Defendant-employer has] its workers' compensation coverage through [Defendant-carrier]"; (3) "Plaintiff . . . has never worked for [Defendant-employer and] Carl Locklear, who represented that he owned [Defendant-employer], has never worked for [Defendant-employer]"; (4)"[Defendant-employer] builds decks and prepares inside trim for houses . . . [and] has never been engaged in the business of roofing"; and (5) Keith Locklear did not become aware "that [Plaintiff] claimed that he was an employee of [Defendant-employer until he] received the Opinion and Award from the Deputy Commissioner."

Sandra Conner, in her affidavit, swore: (1) She is employed by Defendant-carrier to investigate workers' compensation claims; (2) She "was notified of the workers' compensation claim arising out of [Plaintiff's] accident . . . by receipt of a Form 18 which was forwarded to [her] by the Industrial Commission"; (3) "Based on the information provided to [her] through the Industrial Commission in the Form 18, [she] contacted Carl Locklear. His recorded statement was taken on August 30, 1995"; (4) "Carl Locklear represented to [her] that he was the owner of [Defendant-employer] and based upon his representation and the information received from the Industrial Commission in Form 18, [Defendant-carrier] admitted that it provided coverage for [Defendant-employer] with [Plaintiff] as an employee of [Defendant-employer]"; (5) "At the time of [Plaintiff's] accident . . . [Defendant-carrier] did provide workers' compensation coverage for [Defendant-employer]. However, it was later determined, after the Opinion and Award was sent to Keith Locklear, the owner of [Defendant-employer], that Carl Locklear is not affiliated with [Defendant-employer]"; (6) "Keith Locklear . . . informed

[Defendant-carrier] that he never employed [Plaintiff] and that the wrong employer was listed on the Opinion and Award"; and (7) "[Defendant-carrier] does not provide workers' compensation coverage for Carl Locklear's roofing business and [Plaintiff] is not an employee of [Defendant-employer]."

On 9 September 1997, the Commission filed an Opinion and Award denying Defendants' motion to submit additional evidence, stating, "Defendants stipulated that they were proper parties to this action and by law they may not now present evidence contrary to that position." The Opinion also found the following facts. On 7 April 1995, Plaintiff was employed as a roofer for Defendant-employer, and was injured in a car accident while being transported to work in Greenville, South Carolina. Plaintiff was the passenger in a van owned by Defendant-employer, and driven by Carl Locklear, who was doing business as Defendant-employer. As a result of the accident, Plaintiff suffered injuries to his back and knees. The Commission concluded that Plaintiff had "sustained an injury by accident arising out of and in the course of his employment" and as a result "was incapable of earning wages with [Defendant-employer] or in any other employment from 7 April 1995 until 2 October 1995," and awarded Plaintiff temporary total disability compensation. All parties now appeal the Commission's Opinion and Award.

---

The dispositive issue is whether Defendants proceeded properly in seeking to set aside the previously made stipulations of the parties.

Defendants contend the Commission erred in denying their motion to submit additional evidence. We agree.

"A party to a stipulation who desires to have it set aside should seek to do so by some direct proceeding, and, ordinarily, such relief may or should be sought by a motion to set aside the stipulation in the court in which the action is pending, on notice to the opposite party." *R.R. Co. v. Horton and R.R. Co. v. Oakley*, 3 N.C. App. 383, 389, 165 S.E.2d 6, 10 (1969). "Application to set aside a stipulation must be seasonably made; delay in asking for relief may defeat the right thereto." *Id.* Whether a motion is "seasonably made," however, cannot be determined with mathematical precision. *Cf. Willoughby v. Wilkins*, 65 N.C. App. 626, 641, 310 S.E.2d 90, 100 (1983) (applying "seasonably" in context of Rule 26(e)(1) of the North Carolina Rules of Civil Procedure), *disc. review denied*, 310 N.C. 631, 315 S.E.2d 698 (1984). *Compare In re Marriage of Jacobs*, 180 Cal. Rptr. 234 (Ct.

App. 1982) (motion to set aside a stipulation filed six months after date of judgment was timely) *with Hawaii Housing Authority v. Uyehara*, 883 P.2d 65 (Haw. 1994) (motion to set aside stipulation filed over three years after entry of judgment was untimely).

"It is generally recognized that it is within the discretion of the court to set aside a stipulation of the parties relating to the conduct of a pending cause, where enforcement would result in injury to one of the parties and the other party would not be materially prejudiced by its being set aside." 73 Am. Jur. 2d *Stipulations* § 13 (1974). "A stipulation entered into under a mistake as to a material fact concerning the ascertainment of which there has been reasonable diligence exercised is the proper subject for relief." *Id.*, § 14. Other proper justifications for setting aside a stipulation include: misrepresentations as to material facts, undue influence, collusion, duress, fraud, and inadvertence. 83 C.J.S. *Stipulations* § 35, at 90 (1953); *see Thomas v. Poole*, 54 N.C. App. 239, 242, 282 S.E.2d 515, 517 (1981) (just cause for setting aside a stipulation includes mistake, inadvertence, and stipulations made by counsel without authority), *disc. review denied*, 304 N.C. 733, 287 S.E.2d 902 (1982).

In this case, Defendants moved to submit additional evidence which sought to relieve them from a previously made stipulation. This motion was tantamount to a motion to set aside a stipulation and should have been treated as such by the Commission. The fact that the motion was not delineated as one to "set aside a stipulation" is not material. The Opinion and Award of the Commission denying Defendants' motion reveals the Commission did not treat the motion to submit additional evidence as a motion to set aside the stipulation, denying the motion simply on the grounds that "Defendants stipulated that they were proper parties to this action and by law may not now present evidence contrary to that position." Accordingly, the Commission erred and the Opinion and Award denying Defendants' motion must be reversed and remanded. On remand, the Commission must accept evidence to determine whether the motion to set aside the stipulations was filed seasonably and if so, whether there is justification for setting them aside.

Although the Commission on remand may rule in favor of Defendants, thus mooting the issues raised in Plaintiff's appeal to this Court, we, nonetheless, have considered those assignments of error carefully, and overrule them.

Reversed and remanded.

Judges JOHN and HUNTER concur.