ESTATE OF CHRISTIAN E. CARLSEN, Plaintiff v. ROBERTA C. CARLSEN, Trustee, ROBERTA C. CARLSEN, Individually, SHIRLEY C. HART, ROBERTA JANE CARLSEN, and CHRISTIAN EDWARD CARLSEN, Defendants

————————

IN THE MATTER OF THE WILL OF CHRISTIAN ELMER CARLSEN, Deceased

No. COA02-1735

(Filed 3 August 2004)

**Declaratory Judgments; Estates— caveat proceeding—Rule 60 motion—validity of stipulation**

> The trial court did not abuse its discretion in a declaratory judgment action and caveat proceeding by denying appellants' Rule 60 motion to set aside judgment based on their attorney's alleged gross negligence in urging them to sign a stipulation which invalidated a 1999 will, the revocation of a trust, and a promissory note, because: (1) the language of the stipulation was sufficiently definite and certain as to its impact and the parties were present and aware of their actions; (2) evidence that one of the parties was distraught when she signed the stipulation is insufficient to establish that either she or her sister did not assent to the stipulation; (3) while the trial court found that appellants established mere negligence on the part of their counsel, the trial court also found that appellants' counsel was not grossly negligent and did not engage in any intentional misconduct or any conduct that would merit relief under Rule 60(b); and (4) appellants did not show a meritorious position since the stipulation decided the case against them, ratification was not necessary for the stip-

ESTATE OF CARLSEN v. CARLSEN

[165 N.C. App. 674 (2004)]

ulation to be found valid, and appellants admitted that stipulations are judicial admissions.

Appeal by defendants Roberta Jane Carlsen and Shirley C. Hart from order entered 27 June 2002 by Judge J. B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 14 October 2003.

*Adams Kleemeier Hagan Hannah & Fouts, P.L.L.C., by Gary L. Beaver for defendant-appellants Roberta Jane Carlsen and Shirley C. Hart.*

*Vernon, Vernon, Wooten, Brown, Andrews & Garrett, P.A., by Benjamin D. Overby and Thomas R. Peake, II for defendant-appellee.*

ELMORE, Judge.

The facts of the case were previously recorded in the unpublished opinion *Estate of Carlsen v. Carlsen*, COA02-463 (filed 6 May 2003).

Christian Elmer Carlsen (decedent) married Roberta C. Carlsen (Mrs. Carlsen) on 3 December 1932. The couple lived together in Fort Lauderdale, Florida until 1997. Decedent and Mrs. Carlsen had three children during their marriage, including Christian Edward Carlsen (Christian), Shirley Hart (Shirley) and Roberta Jane Carlsen (Roberta Jane). Decedent moved in with his daughter, Roberta Jane, in 1997. Decedent lived with Roberta Jane until his death.

Decedent executed a will in 1994. This will appointed Mrs. Carlsen as the personal representative and referred to a simultaneously created trust for the benefit of Mrs. Carlsen, Christian, Shirley and Roberta Jane. On 18 November 1999, eleven days before his death, decedent executed a document titled "Revocation of Trust" that terminated this trust. Decedent executed a promissory note to Roberta Jane in the amount of $200,000.00 on 18 November 1999. Decedent also executed a will on 18 November 1999. The division of decedent's property according to the 1999 will differed significantly from the terms of the 1994 will. The 1999 will divided the estate equally among the children with a gift to Mrs. Carlsen. The 1999 will also appointed Roberta Jane as personal representative of decedent's estate. Decedent passed away on 29 November 1999.

Decedent's estate requested a declaratory judgment on 28 February 2000. The purpose of this action was "to determine and

declare the legal rights of the parties to the personal property held" in the trust created in 1994. Mrs. Carlsen and Christian counterclaimed for declaratory judgment against the estate. Mrs. Carlsen also filed a caveat to the 1999 will on 22 December 2000. The caveat alleged that the 1999 will was invalid because decedent lacked testamentary capacity to execute it, that Roberta Jane exerted undue influence over decedent, that decedent executed the will as a result of duress from Roberta Jane and that the will was a product of fraud on the part of Roberta Jane. The declaratory judgment action and the caveat proceeding were consolidated by a consent order dated 8 February 2001.

After depositions were taken from two doctors who both agreed that decedent lacked capacity to execute the 1999 documents, Roberta Jane and Shirley, upon the advice of their then counsel Robert Johnston (Johnston), signed a stipulation admitting that decedent "lacked the testamentary capacity" to execute the 1999 will and the trust revocation and promissory note, and that each of the purported documents was invalid and null and void. The trial court entered a judgment based on the stipulation which invalidated the 1999 will and the revocation of trust and promissory note. Johnston apparently committed suicide in October of 2001. Appellants filed a motion praying the court to vacate the judgment under Rule of Civil Procedure 60, arguing that attorney Johnston had committed gross negligence in urging them to sign the stipulation. From the denial of that motion appellants bring this appeal.

I.

In determining whether to grant relief under Rule 60(b), "the trial court has sound discretion which will be disturbed only upon a showing that the trial court abused its discretion." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 655 (1998).

Rule 60(b) provides relief from a judgment for:

(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2003).

II.

Appellants argue that the trial court erred by denying the Rule 60(b) motion. In support of this, appellants have asserted in their brief one assignment of error with multiple sub-parts, ten of these sub-parts appearing in their brief on appeal. Four of the arguments are not supported by any authority in their brief, and are therefore deemed abandoned under Rule of Appellate Procedure 28(b)(6). The matter of attorney's fees was resolved by the companion appeal captioned COA02-463, cited above, which was decided by this Court in an opinion filed 6 May 2003. The remaining arguments are as follows: that the trial court erred in finding that attorney Johnston's acts were not grossly negligent; that the trial court erred in finding that the appellants did not show a meritorious position on the merits; that the trial court erred in treating Mrs. Carlsen's evidence as a sworn statement; that the ratification of the judgment by appellants' attorney was not effective; and that the trial court erred in finding that the stipulation was binding as a judicial admission. All of these arguments are brought to support the assignment of error to the denial of the Rule 60 Motion.

The dispositive basis for the appeal is essentially the effect of the stipulation, which was signed by the appellants. If the stipulation is valid, then the other errors assigned by the appellants threaten no prejudice, the appeal in its entirety has no merit, and the denial of the Rule 60 Motion by the trial court was appropriate. After considering the arguments on appeal, the record, and the transcripts, we hold that the stipulation was indeed valid and we affirm the trial court's denial of the Rule 60 Motion.

Any material fact that has been in controversy between the parties may be established by stipulation. *Thomas v. Poole*, 54 N.C. App. 239, 241, 282 S.E.2d 515, 517 (1981), *disc. review denied*, 304 N.C. 733, 287 S.E.2d 902 (1982). A stipulation need not follow any particular form, but its terms must be sufficiently definite and certain as to form a basis for judicial decision, and it is essential that the parties or those representing them assent to the stipulation. 83 C.J.S. Stipulations § 13 (2000). A factor to consider in determining whether a stipulation was entered into properly is whether the party had competent representation of counsel. *Id.*

The effect of a stipulation by the parties withdraws a particular fact from the realm of dispute. *Despathy v. Despathy*, 149 N.C. App. 660, 662, 562 S.E.2d 289, 291 (2002). In order to set aside a stipulation, one of the parties to the stipulation may make a motion to set aside the stipulation in the court where the action is pending. *See R. R. Co. v. Horton and R. R. Co. v. Oakley*, 3 N.C. App. 383, 389, 165 S.E.2d 6, 10 (1969). *See also Sharp v. Sharp*, 116 N.C. App. 513, 521, 449 S.E.2d 39, 43 (1994).

It is within the discretion of the court to set aside a stipulation of the parties relating to the conduct of a pending cause, where enforcement would result in injury to one of the parties and the other party would not be materially prejudiced by its being set aside. *See Lowery v. Locklear Constr.*, 132 N.C. App. 510, 514, 512 S.E.2d 477, 479 (1999) (citing 73 Am. Jur. 2d Stipulations § 13 (1974)). "A stipulation entered into under a mistake as to a material fact concerning the ascertainment of which there has been reasonable diligence exercised is the proper subject for relief." *Id.* (citing 73 Am. Jur. 2d Stipulations § 14 (1974)). Other proper justifications for setting aside a stipulation include: misrepresentations as to material facts, undue influence, collusion, duress, fraud, and inadvertence. *Lowery*, 132 N.C. App. at 514, 512 S.E.2d at 479; *see also Thomas*, 54 N.C. App. at 242, 282 S.E.2d at 517 (just cause for setting aside a stipulation includes mistake, inadvertence, and stipulations made by counsel without authority).

In the present case, the trial court made thorough findings of fact in the order denying the Rule 60(b) motion. The trial court found that a deposition was taken of Dr. Kenneth Fath in which he testified that the decedent lacked testamentary capacity to execute the 1999 will and documents. The trial court also found that the deposition of Dr. Bruce B. Hughes was taken at appellant Roberta Jane's request, in which Dr. Hughes also testified that he believed

ESTATE OF CARLSEN v. CARLSEN

[165 N.C. App. 674 (2004)]

that the decedent lacked testamentary capacity. The trial court included in the order the exact language of the stipulation in its entirety, which ended with the statement that the 1999 will and documents are "invalid and null and void." We conclude that the language of the stipulation was sufficiently definite and certain to form a basis for a judicial decision.

Appellants' claim that Roberta Jane was "distraught" when she signed the stipulation is insufficient to establish that either Roberta Jane or Shirley did not assent to the stipulation. Furthermore, while the trial court found that appellants established "mere negligence" on the part of their counsel, the trial court also found that appellants' counsel was not grossly negligent and did not engage in any intentional misconduct or any conduct that would merit relief under Rule 60(b). This finding and the trial court's resulting conclusion are consistent with case law, which holds that although attorney error may qualify as a reason for granting relief from judgment under certain conditions, neither ignorance nor carelessness on the part of an attorney will provide grounds for such relief. *Briley v. Farabow*, 348 N.C. 537, 546-47, 501 S.E.2d 649, 655 (1998).

In such a case where the testimony is in agreement, the stipulation is clear as to its impact, and the parties were present and aware of their actions, the stipulation is valid, and the trial court does not abuse its discretion to decline to set aside such a stipulation. Moreover, for the same reason, the trial court here did not abuse its discretion in denying the Rule 60 Motion.

The trial court also did not err in finding that appellants did not show a meritorious position, since the stipulation decided the case against them. The trial court's consideration of Mrs. Carlsen's amended response was not prejudicial in light of the stipulation. The trial court did not err in finding that appellants had ratified the stipulation since no ratification was necessary for the stipulation to be found valid. Finally, the trial court did not err in finding that the stipulation was binding as a judicial admission, and the appellants admit in their brief that stipulations are judicial admissions.

We therefore hold that the trial court did not err in denying the Rule 60 Motion. The order of the trial court is

Affirmed.

Judges WYNN and TIMMONS-GOODSON concur.