TYSON, Judge.
 

 *477
 
 Allyson S. Mastor ("Defendant") appeals from order entered holding her in criminal contempt. We affirm.
 

 I. Factual Background
 

 Defendant and Jason E. Mastor ("Jason") married on 7 February 1998. The parties separated on 8 January 2012. Three children were born of the marriage: twin girls J.M.M. and M.B.M., born 20 September 2000, and J.E.M., born 24 May 2006. On 21 September 2012, Defendant filed a complaint, in which she sought: (1) custody and child support; (2) alimony/post-separation support; (3) equitable distribution; and, (4) attorney's fees. Jason filed an answer and counterclaim, in which he alleged Defendant had been having an affair with Carl Kistel ("Kistel") since 2010, and Kistel was indicted on pending felony charges as an alleged sex offender.
 

 The parties entered into a consent order ("the Consent Order") on 18 December 2012, in which they agreed to share joint legal custody of
 
 *478
 
 the minor children. The Consent Order specified "[n]either party shall have any convicted sex offender in the presence of the minor children."
 

 Kistel was involved in his own civil domestic divorce matter during October 2012. At a temporary child custody hearing, Kistel admitted to placing a camera in his shoe and "photograph[ing] up to fifteen clips of improper graphics of adult females." The district court entered an order finding Kistel engaged in conduct that resulted in indictment for felony secret peeping, pursuant to N.C. Gen.Stat. § 14-202 (2013). The district court ordered Kistel to "enroll in an intensive behavioral oriented psychotherapy program" and that he "continue to not expose the children to any pornography, nude photographs, or sexually explicit material in the nature of television, telephone, audio, video, etc." The criminal charges against Kistel were still pending in Lincoln County Superior Court at the time the district court entered the Consent Order at bar.
 

 On 24 January 2014, Jason filed a motion for contempt against Defendant for violating the Consent Order. Jason alleged Kistel had pled guilty to felony secret peeping, and was a convicted sex offender. Jason also averred Kistel and Defendant were involved in a romantic relationship, and Defendant had allowed
 
 *518
 
 Kistel to be in the presence of their children.
 

 Jason attached to his motion for contempt a copy of Kistel's 7 May 2013 guilty plea, judgment, and sentencing. The Lincoln County Superior Court sentenced Kistel to a suspended sentence of 5-6 months incarceration. Kistel was placed on 24 months supervised probation and ordered to "not possess any video recording devices with exception of a smart phone which is subject to inspection by [probation officer] at any time; not possess any sex oriented, pornographic or video materials" and required his "computer [to be] subject to inspection by [probation officer] at any time[.]"
 

 A hearing was held on Jason's motion for contempt on 28 May 2014. The district court made the following findings of fact and entered an order on 4 June 2014:
 

 3. That an Order was entered into by the parties on December 18, 2012, in which the Order provided, among other things:
 

 B9. "Neither party shall have any convicted sex offender in the presence of the minor children."
 

 4. That Carl J. Kistel, III was convicted of felony secret peeping on May 7, 2013 in the Superior Court of Lincoln County.
 

 *479
 
 5. That [Defendant] willfully and voluntarily allowed Mr. Kistel to be in the presence of the minor children on New Year's Eve 2013, where Mr. Kistel was at the house of [Defendant], ate food with the minor children and stayed with [Defendant] and the minor children until after the ball dropped.
 

 6. That [Jason] has proved beyond a reasonable doubt that [Defendant] has willfully and voluntarily brought the minor children into the presence of a convicted sex offender in violation of the December 18, 2012 consent order.
 

 The district court held Defendant in indirect criminal contempt of the Consent Order based on its findings of fact. The district court ordered Defendant to pay a $500.00 fine. Defendant appealed the order to superior court.
 

 Defendant's appeal came on for hearing in Iredell County Superior Court on 5 September 2014. The parties stipulated to all of the findings of fact set forth in the district court's order prior to the hearing. The only matter at issue before the superior court was the legal sufficiency of the district court's order, as it pertained to the term "convicted sex offender." The superior court entered an order holding Defendant in criminal contempt on 24 October 2014. The superior court concluded as follows:
 

 4. N.C.G.S. § 14-202(d) [the felony secret peeping statute] provides that any person who secretly uses any device to create a photographic image of another person in that room for the purpose of arousing or gratifying the sexual desire of any person shall be guilty of a Class I felony.
 

 5. Although the term "sex offender" is not specifically defined in the North Carolina General Statutes, N.C.G.S. § 14-208.5 provides that protection of the public from sex offenders is a paramount governmental interest. The Class I felony of secret peeping is included in the list of criminal offenses for which a person may be required to register as a sex offender if the sentencing judge deems it necessary. The Court recognizes that the sentencing in the underlying offense of Mr. Kistel did not require Mr. Kistel to register as a sex offender,
 
 but the Court finds that the judge's decision to not require the defendant to register does not change the nature of the crime. Therefore, the Court concludes that a violation of N.C.G.S. § 14-202(d) is indeed
 

 *480
 

 a sex offense within the meaning of the December 18, 2012 Consent Order.
 

 6. It is the responsibility of the parties to a contract or proposed consent order to make sure they understand the terms of the contract before each party signs a consent order.
 

 7. That the December 18, 2012 Consent Order ... is a valid, enforceable order of the Court, and it was entered into freely and voluntarily by the Defendant and Jason Mastor.
 

 8. That the Court concludes as a matter of law that the Defendant has, and without just cause, failed to comply with the previous Order of the Court and as such is in
 
 *519
 
 indirect criminal contempt pursuant to N.C.G.S. § 5A-11(a)(3).
 

 (emphasis supplied). The superior court also imposed a $500.00 criminal fine against Defendant.
 

 Defendant gave timely notice of appeal to this Court.
 

 II. Issue
 

 Defendant argues the trial court erred by holding her in criminal contempt for willfully violating the Consent Order provision which forbade her from allowing the children to be in the presence of a convicted sex offender.
 

 Defendant contends (1) Kistel is not a "convicted sex offender" under North Carolina law; (2) the term "convicted sex offender" is unconstitutionally vague because it is undefined in the North Carolina criminal statutes; and (3) Defendant's noncompliance with the Consent Order was not "willful."
 

 III. Standard of Review
 

 Defendant appeals an order holding her in criminal contempt under N.C. Gen.Stat. § 5A-11(a)(3) (2013). A contempt hearing is a non-jury proceeding.
 

 The standard of appellate review for a decision rendered in a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary.
 

 *481
 

 Sessler v. Marsh,
 

 144 N.C.App. 623
 
 , 628,
 
 551 S.E.2d 160
 
 , 163 (2001) (citations omitted).
 

 "The trial court's conclusions of law drawn from the findings of fact are reviewable
 
 de novo.
 
 "
 
 Curran v. Barefoot,
 

 183 N.C.App. 331
 
 , 335,
 
 645 S.E.2d 187
 
 , 190 (2007) (citation omitted).
 

 IV. Analysis
 

 A. "Sex Offender": North Carolina Law and the Consent Order
 

 1. North Carolina Law
 

 Defendant argues she did not violate the Consent Order because Kistel is not a "convicted sex offender" under North Carolina law. Defendant attempts to argue the term "convicted sex offender," as used in the Consent Order, carries the same legal meaning as the term "registered sex offender." Defendant contends Kistel is not a "convicted sex offender" because Kistel was not required to register as a sex offender. We disagree.
 

 The fact that the term "convicted sex offender" is not specifically defined in the North Carolina criminal statutes does not foreclose this Court's ability to determine the intended meaning of the words.
 

 "Questions of statutory interpretation are questions of law[.] ... The primary objective of statutory interpretation is to give effect to the intent of the legislature. The plain language of a statute is the primary indicator of legislative intent."
 
 First Bank v. S & R Grandview, L.L.C.,
 
 ---N.C.App. ----, ----,
 
 755 S.E.2d 393
 
 , 394 (2014) (internal citations omitted).
 

 "If the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning. When, however, a statute is ambiguous, judicial construction must be used to ascertain the legislative will."
 
 State v. Beck,
 

 359 N.C. 611
 
 , 614,
 
 614 S.E.2d 274
 
 , 277 (2005) (citations and internal quotation marks omitted). "Statutory language is ambiguous if it is fairly susceptible of two or more meanings."
 
 Purcell v. Friday Staffing,
 
 --- N.C.App. ----, ----,
 
 761 S.E.2d 694
 
 , 698 (2014) (citations and internal quotation marks omitted).
 

 Black's Law Dictionary defines "sexual offense" as "[a]n offense involving unlawful sexual conduct, such as prostitution, indecent exposure, incest, pederasty, and bestiality."
 
 Black's Law Dictionary,
 
 712 (10th ed.2014).
 

 *482
 
 Kistel pled guilty to the criminal offense of felony secret peeping under N.C. Gen.Stat. § 14-202. It is unclear from the record under which subsection-(d), (e), or (f)-Kistel pled guilty. Both N.C. Gen.Stat. §§ 14-202(d) and (f) explicitly prohibit secret peeping "
 
 for the purpose of arousing or gratifying the sexual desire of any person.
 
 "
 

 *520
 
 N.C. Gen.Stat. §§ 14-202(d), (f) (2013) (emphasis supplied).
 

 An individual convicted of felony secret peeping under N.C. Gen.Stat. §§ 14-202(d) - (f) may be required to register as a sex offender "[i]f the sentencing court rules that the person is a danger to the community" and registration would "further the purposes" of the Sex Offender Registration Program. N.C. Gen.Stat. § 14-202(
 
 l
 
 ) (2013). N.C. Gen.Stat. § 14-202(e) does not explicitly use the language: "for the purpose of arousing or gratifying the sexual desire of any person." N.C. Gen.Stat. §§ 14-202(d), (f). Its inclusion as a reportable offense, subject to enrollment under the North Carolina Sex Offender Registration Program clearly indicates the offense is one of a sexual nature.
 

 The conduct proscribed by the felony secret peeping statute constitutes a "sexual offense," based on the Black's Law Dictionary definition, and subject to the statute's express limitation in subsections (d) and (f) that a defendant's actions are "
 
 for the purpose of arousing or gratifying the sexual desire of any person.
 
 "
 

 Id.
 

 (emphasis supplied).
 

 Kistel pled guilty to felony secret peeping under the statute containing the language above, and was sentenced under the felony secret peeping statute. The trial court could have exercised its discretion to require Kistel to register as a sex offender. Kistel is a convicted sex offender.
 

 Defendant argues only those individuals convicted of offenses, which statutorily require them to actually register as sex offenders, or whose sentence imposed by the court requires them to register as sex offenders, are in fact convicted sex offenders. Defendant asserts "convicted sex offender" is synonymous with "registered sex offender." Defendant's argument is misplaced. If Defendant's assertion is correct, there would be no need for the General Assembly to set forth which convicted sex offenders are required to enroll in the state's sex offender registry, those which are not, and those offenses for which enrollment is within the trial court's discretion.
 
 See generally
 
 N.C. Gen.Stat. § 14-202(
 
 l
 
 ).
 

 This Court has recognized not all convicted sex offenders, such as Kistel, are required to enroll in the sex offender registry.
 
 See
 
 N.C. Gen.Stat. § 14-208.5 (2013). In
 
 State v. Pell,
 
 this Court analyzed the requirement that an individual convicted of a sex offense pose a " danger to
 
 *483
 
 the community" in order to compel sex offender registration. We held "[w]hen examining the purposes of the sex offender registration statute, it is clear that 'danger to the community' refers to those sex offenders who pose a risk of engaging in sex offenses following release from incarceration or commitment."
 
 211 N.C.App. 376
 
 , 379,
 
 712 S.E.2d 189
 
 , 191 (2011). A finding of "danger to the community" by the sentencing court would be unnecessary and redundant were we to accept Defendant's contention.
 

 Id.
 

 Kistel's guilty plea to felony secret peeping stemmed from behavior in which he hid a camera in his shoe and intentionally positioned his shoe in an area to allow him to film up and underneath women's skirts and dresses, without their knowledge or consent. The inherent sexual nature of Kistel's conduct is apparent. Kistel's behavior was motivated by "the purpose of arousing or gratifying [his] sexual desire" and is a sexual crime. N.C. Gen.Stat. § 14-202(d). Kistel pled guilty to a sex offense, and after judgment was entered thereon, became a "convicted sex offender" under North Carolina law, regardless of whether the sentencing court required him to enroll in the sex offender registry.
 

 2. "Convicted Sex Offender" as Intended in the Consent Order
 

 Kistel is a "convicted sex offender" within the meaning of the Consent Order, to support Defendant's criminal contempt.
 

 On appeal to the superior court, the parties stipulated to "the findings and the underlying basis of the District Court Order." The district court's findings of fact provided, in pertinent part:
 

 5. That [Defendant] willfully and voluntarily allowed Mr. Kistel to be in the presence of the minor children on New Year's Eve 2013, where Mr. Kistel was at the house of [Defendant], ate food with the minor children and stayed with [Defendant] and the minor children until after the ball dropped.
 

 *521
 
 6. That [Jason] has proved beyond a reasonable doubt that Carl J. Kistel, III is a convicted sex offender.
 

 "[S]tipulations duly made during the course of a trial constitute judicial admissions on the parties and [dispense] with the necessity of proof."
 
 State v. Simon,
 

 185 N.C.App. 247
 
 , 255,
 
 648 S.E.2d 853
 
 , 858 (2007) (citation and quotation marks omitted). The district court found as fact and beyond a reasonable doubt that Kistel was a "convicted sex offender," as that term was agreed to by the parties and included in the Consent Order. The parties stipulated to this finding of fact on appeal to
 
 *484
 
 the superior court. Defendant is bound by this stipulation.
 
 See
 

 Estate of Carlsen v. Carlsen,
 

 165 N.C.App. 674
 
 , 679,
 
 599 S.E.2d 581
 
 , 585 (2004) (holding stipulation signed by parties prior to trial was binding as a judicial admission).
 

 The circumstances surrounding the Consent Order also indicate Jason's concern that Kistel might become a "convicted sex offender," for purposes of that order. Jason's answer to Plaintiff's original complaint made numerous references to Kistel's status as an "alleged sex offender" while the indictment was pending, and his concern for the well-being and safety of his children, if they were allowed to be in Kistel's presence. The record clearly shows the inclusion of the "convicted sex offender" provision in the Consent Order was specifically targeted at Defendant's relationship with Kistel. Kistel's felony secret peeping charges, which Jason knew of, were pending at this time, and became final upon Kistel's guilty plea.
 

 Defendant's "stipulat[ion] to the findings and the underlying basis of the District Court Order" also shows Kistel is a "convicted sex offender," both under North Carolina law and within the meaning of the Consent Order, regardless of whether he was required by the sentencing judge to enroll in the sex offender registry. This argument is overruled.
 

 B. Impermissible Vagueness
 

 Defendant argues she cannot be held in criminal contempt for violating the Consent Order because the term "sex offender" is unconstitutionally vague. Defendant makes this argument for the first time, on appeal.
 

 "A constitutional issue not raised at trial will generally not be considered for the first time on appeal."
 
 State v. Maness,
 

 363 N.C. 261
 
 , 279,
 
 677 S.E.2d 796
 
 , 808 (2009) (citation and quotation marks omitted). Here, Defendant did not raise or argue any constitutional vagueness objections, before either the district or superior courts. Defendant has failed to preserve this issue for appellate review. We decline to review Defendant's constitutional argument for the first time on appeal. This argument is dismissed.
 

 C.
 
 "
 
 Willfullness
 
 "
 

 Defendant argues she cannot be held in criminal contempt for violating the Consent Order because she did not do so willfully.
 

 A party "may be held in contempt for failure to comply with the terms of an agreement,
 
 only if [her] failure is willful.
 
 "
 
 Cavenaugh
 

 *485
 

 v. Cavenaugh,
 

 317 N.C. 652
 
 , 660,
 
 347 S.E.2d 19
 
 , 25 (1986) (emphasis in original) (citation omitted).
 

 Defendant's argument is based on her primary contention, discussed
 
 supra,
 
 that the term "convicted sex offender" is ambiguous as it appears in the North Carolina statutes. Defendant argues she did not willfully violate the Consent Order by allowing her children to be in the presence of a "convicted sex offender," because of the ambiguity of the term. We have determined the term "convicted sex offender" is not ambiguous, either under the North Carolina criminal statutes, or the Consent Order.
 

 The district and superior courts found Defendant "willfully and voluntarily allowed Mr. Kistel to be in the presence of the minor children[.]" While Defendant may have believed or hoped the terms "convicted sex offender" and "registered sex offender" were synonymous, the unchallenged findings of fact from the district court, to which the parties stipulated, and competent evidence in the record and from the contempt hearing support this finding. This argument is overruled.
 

 *522
 

 V. Conclusion
 

 The district court found and determined, beyond a reasonable doubt, Kistel was a "convicted sex offender," as provided in the Consent Order. Kistel pled guilty to felony secret peeping. North Carolina law and the Consent Order support the district court's determination. The parties' stipulated, before the superior court, to the district court's finding of fact that Kistel was a "convicted sex offender." Defendant is bound by this determination.
 

 Defendant failed to raise her constitutional vagueness argument before either trial court. Defendant has failed to preserve this argument for appellate review.
 

 The superior court's finding of fact that Defendant willfully allowed her children to be in the presence of a "convicted sex offender" is supported by the stipulated findings of fact and competent evidence. The superior court's findings of fact support its determination that Defendant was in indirect criminal contempt of the Consent Order. The superior court's order is affirmed.
 

 AFFIRMED.
 

 Judges BRYANT and DIETZ concur.