STROUD, Judge
Defendant appeals three orders. We affirm.
I. Background
On 23 September 2011, plaintiff filed a complaint against defendant regarding a dispute over construction work on defendant's home. Plaintiff alleged that it is a corporation "organized and existing under the laws of the State of North Carolina" and conducting "its business under the trade name of 'Macko Construction[.]' " The complaint alleged that in November of 2010 defendant's "realtor[ ] asked Plaintiff to prepare a repair estimate for" improvements needed due to water damage on a house defendant was going to purchase; plaintiff provided the estimate. The estimate provided that the price did not include "any repair required due to rot" and if rot was detected during the work, additional repairs "would be billed on a time and material basis at $60 per hour, per man[.]" Defendant met with plaintiff's president, Brian Susco, in December of 2010, and Mr. Susco reiterated that rot repair was not included in the contract. Defendant later purchased the home and asked that plaintiff perform the work based upon the contract. Plaintiff alleged that it did the work as requested by defendant, but defendant refused to pay the full amount due according to the invoices. Plaintiff alleged defendant still owed $19,335.00 for the work done, requested to execute its lien on defendant's property, and made claims for unjust enrichment, fraud, and unfair and deceptive trade practices.
On 28 November 2011, defendant moved to dismiss based upon failure to state a claim upon which relief may be granted under Rule 12(b)(6) citing Sutton v. Duke , 277 N.C. 94, 176 S.E.2d 161 (1970), claiming that his alleged contract was with Macko Construction, Inc., so the wrong party had sued. Defendant also argued that the facts as alleged did not support the claims of fraud or unfair and deceptive trade practices. On 29 May 2013, the trial court dismissed the claims for fraud and unfair and deceptive trade practices, leaving plaintiff's action for monetary damages, enforcement of the lien, and unjust enrichment.
On 10 July 2013, defendant filed his answer to plaintiff's complaint primarily denying the substantive allegations. Defendant admitted that SMS Construction, Inc. ("SMS") is "a domestic corporation in good standing[.]" Defendant also admitted that SMS filed an assumed name affidavit in Dare County showing that SMS was doing business under the name Macko Construction. Defendant also denied that SMS "is the proper party in this action because ... Defendant dealt solely with John Macko of Macko Construction, Inc.," but Macko Construction, Inc. had been administratively dissolved by the North Carolina Secretary of State's office. Defendant also plead the affirmative defense of accord and satisfaction based upon the payments he had already made.
On 10 September 2014, the parties entered into a pretrial order in which they stipulated, in part:
1. It is stipulated that all parties are properly before the Court and that the Court has jurisdiction of the Parties and of the subject matter.
....
3. ... [T]he parties hereto stipulate and agree with respect to the following undisputed facts:
a. Defendant asked Plaintiff to make certain repairs and improvements to Defendant's real property ...
b. Defendant offered Plaintiff the job of making certain repairs and improvements;
c. Plaintiff accepted Defendant's offer and made certain repairs and improvements to the Defendant's property[.]
Plaintiff identified as the issues to be tried by the jury as whether defendant failed to pay plaintiff under the terms of the contract, the amount of damages plaintiff should recover, and whether defendant was unjustly enriched by "[p]laintiff's provision of labor and materials to the defendant's property[.]" Defendant contended "the contested issues to be tried by the jury will only be able to be fashioned after a decision is made in regards to the Summary Judgment Motion and depending upon the actual testimony put forward to the jury" so "[d]efendant shall provide the issues before the jury at the conclusion of testimony."[1]
In early 2015, defendant filed an amendment to a pretrial order which included his issues for the jury. Defendant still contended that the issues could be determined only "after a decision is made in regards to the issue of whether there was an express written contract or not (either by decision on the summary judgment motion or the evidence presented at trial.)" Then defendant set forth his proposed issues in both scenarios-express contract or quantum meruit-but defendant still identified no dispute regarding the parties to the action.
Plaintiff moved for summary judgment in April of 2015, based upon the pleadings and the "Interrogatories, Request for admissions and the record proper, including the Affidavits submitted by the parties[.]" In May of 2015, the trial court entered an order on plaintiff's motion for summary judgment, granting the motion in part. This order includes extensive "findings of fact" and ultimately concluded:
1. The Plaintiff and Defendant mutually agreed to the scope of the work to be undertaken, the cost for making the repairs as set forth in the Quote and otherwise mutually agreed to the express terms set forth in the Quote.
2. A valid contract existed between the Plaintiff and Defendant for the performance of making improvements to the Defendant's property.
The order also concluded that the minimum price for the repairs according the Quote was $21,585.00 and that defendant had paid plaintiff $15,150.00. The order also concluded that plaintiff had timely recorded its Notice of Lien and had timely perfected it. The summary judgment order did not determine whether defendant owed more than $15,150.00 to plaintiff but left open the issue of whether any repairs done were "outside the mutually agreed scope of work identified in The Quote or outside of any agreed upon modifications thereto," so the trier of fact would determine the value of this portion of the claim under "the laws of quantum meruit and unjust enrichment."
In October of 2015, the parties entered into yet another pretrial order. The order is substantially similar to the first, except that it waives trial by jury and stipulates to a bench trial and notes the matters determined by the summary judgment order, although "[d]efendant disputes the ruling as well as certain findings of fact made therein." Defendant identifies as his contested issues for the bench trial as:
a. Did the Defendant fail to pay Plaintiff pursuant to the terms of the contract with Plaintiff or otherwise breach the contract with Plaintiff?
b. Did the Plaintiff fail to complete the work promised pursuant to the terms of their agreement with the Defendant or otherwise breach the agreement with the Defendant?
c. What value, if any, of the labor and materials Plaintiff provide to the Defendant outside the scope of the contract?
d. What amount of damages, if any, is the Plaintiff entitled to recover from Defendant?
Plaintiff noted its "issues are a, c, d, and ... what is the value of the labor and material Plaintiff provided to the Defendant outside the scope of the contract if any."
The case was finally tried in a bench trial in April of 2016. In April, plaintiff moved for an award of attorney fees and costs, and in May of 2016 the trial court entered its order from both the trial and motion and determined that "[j]udgment on Plaintiff's claim to foreclose on its lien shall be entered against Defendant in the principal amount of $19,335.00, plus a reasonable attorneys' fee and expenses to be taxed as costs in the amount of $78,000.00, for a final judgment of $97,335.00[.]" Defendant appeals the dismissal order, the summary judgment order, and the attorney fees order.
II. Defendant's Appeal
Defendant appeals three orders.
A. Motion to Dismiss
Defendant first contends that the trial court erred in denying his motion to dismiss all of the causes of action because plaintiff did not sue under the proper name. Defendant contends his agreement for improvements on his home was with John Macko and Macko Construction, Inc. but not SMS. We have struggled to discern the legal basis of defendant's argument. In defendant's initial motion to dismiss, he cited only Rule 12(b)(6) and Sutton v. Duke , 277 N.C. 94, 176 S.E.2d 161.[2] Defendant did not contend that Macko Construction, Inc. or John Macko were necessary parties as defined by North Carolina General Statute § 1A-1, Rule 19. Instead, defendant argues that because he personally did not know that SMS was doing business as Macko Construction, Inc., SMS could not sue him, only Macko Construction, Inc. could. But according to the record, Macko Construction, Inc. is SMS.
But even if defendant's argument has some legal basis not cited in his motion to dismiss, defendant ultimately waived this argument as he stipulated several times throughout the record that all parties were properly before the trial court and furthermore made specific stipulations regarding the contract such as "Defendant asked Plaintiff to make certain repairs[.]" (Emphasis added.) In the stipulations, "Plaintiff" is identified as SMS. "The effect of a stipulation by the parties withdraws a particular fact from the realm of dispute." Estate of Carlsen v. Carlsen , 165 N.C. App. 674, 678, 599 S.E.2d 581, 584 (2004). This argument is without merit.
B. Motion for Summary Judgment
Defendant next contends that the trial court erred in granting partial summary judgment for plaintiff because he raised genuine issues of material fact. Defendant contends that the trial court erroneously determined there was a contract between the parties because there was no meeting of the minds. "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted).
Here, defendant offered no affidavits or other forecast of evidence in response to plaintiff's motion for summary judgment. Defendant seems to agree that the facts alleged by plaintiff are true, but claims that as a matter of law, there was no contract between the parties. As a practical matter, defendant seems to rely again on his argument that he contracted with John Macko and Macko Construction, Inc. to repair his home, not with SMS, but we have rejected that argument. If defendant may have any argument beyond this, the pleadings and stipulations show that defendant requested an estimate of cost of repairs to his home from plaintiff. Defendant authorized plaintiff to perform the repairs and over time would request additional repairs be made; plaintiff made said repairs and defendant made some payments. Plaintiff then alleges in its complaint that defendant failed to pay the full amount left on the original, albeit revised contract, and the last set of additional repairs; defendant denies these allegations in his answer and due to his accord and satisfaction defense claims he has paid enough. Defendant has never claimed there was any problem or defect with plaintiff's work or that any work was performed which he failed to authorize; defendant simply refuses to pay. While the trial court made numerous findings of fact generally unnecessary in a summary judgment, the trial court correctly concluded that the uncontroverted evidence demonstrated that a contract was formed. See Bunn Lake Prop. Owner's Ass'n, Inc. v. Setzer , 149 N.C. App. 289, 299, 560 S.E.2d 576, 583 (2002) ("Findings of fact and conclusions of law are not required in a summary judgment order. However, findings of fact do not render a summary judgment void or voidable." (citations and quotation marks omitted)). This argument is overruled.
C. Motion for Attorney Fees
Finally, defendant contends that the trial court erred in awarding attorney fees to plaintiff under North Carolina General Statute § 44A-35.
[W]hether to award attorney's fees is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. An abuse of discretion occurs when a decision is either manifestly unsupported by reason or so arbitrary that it could not have been the result of reasoned decision.
Egelhof v. Szulik , 193 N.C. App. 612, 620-21, 668 S.E.2d 367, 373 (2008) (citations and quotation marks omitted).
North Carolina General Statute § 44A-35 provides,
In any suit brought or defended under the provisions of Article 2 or Article 3 of this Chapter, the presiding judge may allow a reasonable attorneys' fee to the attorney representing the prevailing party. This attorneys' fee is to be taxed as part of the court costs and be payable by the losing party upon a finding that there was an unreasonable refusal by the losing party to fully resolve the matter which constituted the basis of the suit or the basis of the defense. For purposes of this section, "prevailing party" is a party plaintiff or third party plaintiff who obtains a judgment of at least fifty percent (50%) of the monetary amount sought in a claim or is a party defendant or third party defendant against whom a claim is asserted which results in a judgment of less than fifty percent (50%) of the amount sought in the claim defended. Notwithstanding the foregoing, in the event an offer of judgment is served in accordance with G.S. 1A-1, Rule 68, a "prevailing party" is an offeree who obtains judgment in an amount more favorable than the last offer or is an offeror against whom judgment is rendered in an amount less favorable than the last offer.
North Carolina General Statute § 44A-35 (2015).
Defendant first contends that he did not unreasonably refuse to resolve the matter. Defendant does not contest the trial court's findings of fact which are binding on appeal and demonstrate that the trial court found that plaintiff demanded payment for the improvements; defendant refused; plaintiff timely placed its lien on the property; the case was placed on the calendar for trial five times; "Defendant refused to acknowledge" the improvements made to his property; plaintiff had "to undergo additional and unnecessary discovery" due to defendant's identification of an expert witness who never actually testified; and defendant refused plaintiff's offer to settle for $22,000.00 on the valid debt of $19,335.00. See Peters v. Pennington , 210 N.C. App. 1, 13, 707 S.E.2d 724, 733 (2011) ("Unchallenged findings of fact are binding on appeal."). The findings support the conclusion that defendant unreasonably refused to resolve the case. See generally Terry's Floor Fashions, Inc. v. Crown Gen. Contr's, Inc. , 184 N.C. App. 1, 19, 645 S.E.2d 810, 821 (2007), aff'd per curiam , 362 N.C. 669, 669 S.E.2d 321 (2008) ("[W]e conclude that the trial court did not abuse its discretion in awarding plaintiff attorneys fees based on defendant Alvis' unreasonable refusal to resolve the dispute out of court.").
Defendant next argues the trial court failed to determine the reasonableness of the attorney's fees. Defendant points out that the total cost owed on the contract was around $20,000.00, but the attorney fees totaled almost $80,000.00. But defendant has only himself to blame for the amount of plaintiff's attorney fees. Defendant ignored plaintiff's invoices; ignored the lien on his home; "refused to acknowledge" that the work had even been performed, despite admitting that he authorized the improvements and had no issue with the quality. Defendant caused extensive delays and refused plaintiff's offer to settle the entire case for $22,000.00. Defendant's own actions caused plaintiff to incur attorney's fees much higher than he should have had to for this simple action, an action it should not have had to bring given that defendant had no reasonable basis for failing to pay. The trial court did not abuse its discretion in deeming the attorney fees reasonable.
III. Conclusion
We affirm the orders of the trial court denying portions of defendant's motion to dismiss, partially allowing plaintiff's motion for summary judgment, and awarding attorney fees to plaintiff.
AFFIRMED.
Report per Rule 30(e).
Judge DILLON concurs.
Judge MURPHY concurs in the result only.

Neither party had moved for summary judgment at this point in the case.

Sutton v. Duke does not address the identity of the parties but discusses the interpretation of notice pleading for purposes of the then-newly adopted Rule 12(b)(6) as compared to the former North Carolina General Statute § 1-127(6) and Rule 12(b) of the Federal Rules of Civil Procedure. See Sutton, 277 N.C. at 98-106, 176 S.E.2d at 164-68 (1970). Defendant's brief on appeal does not mention Sutton .