Mason v. Mason, 2020 NCBC 42.

STATE OF NORTH CAROLINA

ORANGE COUNTY

JULIE SMITH MASON,

        Plaintiff,

v.

RICHARD S. MASON,

        Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 1724

**ORDER AND OPINION ON
DEFENDANT RICHARD S.
MASON'S MOTION TO DISMISS
AND, IN THE ALTERNATIVE,
SET ASIDE ORDERS**

1.     **THIS MATTER** is before the Court on Defendant Richard S. Mason's Motion to Dismiss and, in the Alternative, Set Aside Orders (the "Motion"). (Def. Richard S. Mason's Mot. Dismiss, ECF No. 232 ["Mot."].) The Motion seeks dismissal pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure (the "Rule(s)") of Plaintiff Julie Smith Mason's claims. In the alternative, the Motion requests that the Court "[set] aside the scheduling orders and stipulations that assess liability against Defendant Richard Mason[.]"

2.     For the reasons set forth herein, the Court **DENIES** the Motion.

*Sharpless McClearn Lester Duffy, PA, by Pamela S. Duffy and Molly Whitlatch, for Plaintiff Julie Smith Mason.*

*J.M. Cook, P.A., by J.M. Cook, for Defendant Richard S. Mason.*

Robinson, Judge.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

3.    The Court does not make findings of fact on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), but only recites those portions of the factual and procedural history relevant to its determination of the Motion.

4.    Plaintiff Julie Smith Mason[1] ("Plaintiff") is a citizen and resident of Alamance County, North Carolina.  (Compl. ¶ 1, ECF No. 4.)

5.    Defendant Richard S. Mason ("Defendant") is a citizen and resident of Orange County, North Carolina.  (Compl. ¶ 3.)

6.    Plaintiff and Defendant owned the majority of shares of Multiflora Greenhouses, Inc. ("MGI").  (Compl. ¶¶ 4, 8.)  Plaintiff owned approximately 39.65% of MGI's outstanding shares, and Defendant owned approximately 39.63% of MGI's outstanding shares.  (Compl. ¶ 8.)  Plaintiff and Defendant acted as the sole directors of MGI.  (Compl. ¶ 9.)

7.    At the time this action was initiated, Plaintiff and Defendant were married. (Compl. ¶ 13.)  On October 16, 2017, Plaintiff "left [the] marriage."  (Compl. ¶ 20.) After Plaintiff left the marriage, Defendant took numerous actions to exclude Plaintiff from MGI's operations and otherwise harm MGI.  (Compl. ¶¶ 23, 27–29, 41.)

---

[1] Julie Smith Mason, LLC is a limited liability company organized under the laws of the State of North Carolina, of which Plaintiff is the sole member.  (Compl. ¶ 2.)  Julie Smith Mason, LLC is a former plaintiff to this action, which asserted one claim for breach of contract against former defendant Multiflora Greenhouses, Inc ("MGI").  (Compl. ¶¶ 47–51.)  However, on April 17, 2019, both Plaintiff and Julie Smith Mason, LLC dismissed all claims against MGI without prejudice.  (ECF No. 137.)  Therefore, Julie Smith Mason, LLC is no longer a plaintiff in this action and "Plaintiff" as used herein refers only to individual Plaintiff Julie Smith Mason.  (*See* Compl. ¶ 1.)

8. Plaintiff initiated this action by filing the Complaint on December 13, 2017 (the "Complaint"), asserting a claim for dissolution against MGI and a claim for breach of fiduciary duty against Defendant. (ECF No. 4.)

9. Defendant and MGI filed a joint Answer on January 22, 2018. (Answer, ECF No. 8.) The Answer represented that as an alternative to dissolution of MGI, Defendant is willing to purchase Plaintiff's shares in MGI "at their fair value, in accordance with such procedures as the Court may provide." (Answer 2.)

10. The parties submitted their Case Management Report on February 21, 2018. (Case Management Report, ECF No. 9 ["CMR"].) The Case Management Report represents that "[t]he Defendants have stipulated that Richard Mason intends to purchase Julie Mason's shares, such that the issue before the Court is one of valuation only rather than disputing the right to dissolution." (CMR ¶ 3.A.)

11. On May 23, 2018, the parties filed the Joint Stipulation Regarding Date of Valuation of Multiflora Greenhouses, Inc., which provides that the parties "STIPULATE AND AGREE that the date of valuation of [MGI] for the purpose of establishing a value for Defendant Richard Mason's buy out of Plaintiff Julie Mason's shares shall be the date of the parties' marital separation, October 16, 2017." (ECF No. 43.)

12. On September 24, 2018, counsel for MGI filed the Suggestion of Bankruptcy, notifying the Court that MGI filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. (ECF No. 97.) On February 11, 2019, the Bankruptcy Court converted the case to a Chapter 7 bankruptcy case and appointed

a trustee which ceased operations of MGI and began its liquidation. (Br. 4, ECF No. 233.)

13. Defendant filed the Motion and brief in support thereof on December 19, 2019. (ECF Nos. 232–233.) The Court held a hearing on the Motion on May 14, 2020 at which all parties were represented by counsel.[2] (*See* ECF No. 257.) The Motion is ripe for resolution.

## II. ANALYSIS

14. Defendant's Motion comes more than two years after the initiation of this action. (*See* ECF Nos. 4, 232.) The parties have filed formal stipulations and representations with the Court since the filing of the Complaint that Defendant agrees to purchase Plaintiff's shares in MGI. (*See* ECF Nos. 4, 8–9, 43, 80, 115, 137, 155, 244.1.)

15. Notwithstanding these stipulations, Defendant moves pursuant to Rule 12(b)(6) to dismiss all of Plaintiff's claims (which would result in termination of the litigation upon resolution of Plaintiff's Motion for Rule 11 Sanctions) and alternatively requests that the Court set aside various stipulations and unidentified orders in an attempt to evade his prior agreements and representations to the Court regarding purchasing Plaintiff's shares in MGI. (Br. 1.) For the reasons stated herein, Defendant's Motion should be DENIED.

---

[2] At the hearing, the Court also heard arguments from counsel on Plaintiff's Motion for Rule 11 Sanctions, (ECF No. 131), and Plaintiff's Motion to Supplement Complaint, (ECF No. 244). However, this Court decides these Motions in separate, forthcoming orders.

### A.  Motion to Dismiss

16.  Rule 12(b) clearly provides that a motion for failure to state a claim upon which relief can be granted "shall be made *before pleading* if a further pleading is permitted."  N.C.G.S. § 1A-1, Rule 12(b) (emphasis added).  "Therefore, under the express language of Rule 12(b), a motion to dismiss for failure to state a claim must be made before filing a responsive pleading."  *Johnston v. Johnston Props., Inc.*, 2018 NCBC LEXIS 119, at *13 (N.C. Super. Ct. Nov. 15, 2018).

17.  Defendant and MGI filed their joint Answer on January 22, 2018.  (*See* ECF No. 8.)  The Answer asserts as a first defense "[t]he Defendants move to dismiss the Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the grounds that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted."  (Answer 1.)  Pursuant to Rule 7.2 of the North Carolina Business Court Rules ("BCR"), all motions "must be set out in a separate document."  Therefore, Defendant's Answer is not a proper motion under BCR 7.2.  *See New Friendship Used Clothing Collection, LLC v. Katz*, 2017 NCBC LEXIS 72, at *24 (N.C. Super. Ct. Aug. 18, 2017).  A proper motion for failure to state a claim was not before this Court until the filing of the Motion, which occurred nearly two years after Defendant filed his Answer.  *See id.* at *24.

18.  "[T]his Court's holding in *New Friendship* is clear: a motion to dismiss for failure to state a claim must be filed prior to an answer."  *Johnston*, 2018 NCBC LEXIS 119, at *14.  As such, Defendant's Motion, to the extent it seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(6), is untimely.

19.     Notably, in *New Friendship* this Court concluded that reading Rule 12(b) and Rule 12(h) together, a post-answer Rule 12(b)(6) motion may be considered as a Rule 12(c) motion for judgment on the pleadings. *Id.* at *25–26. Defendant's Motion comes nearly two years after the filing of his Answer, and Defendant does not request that the Court consider the Motion under Rule 12(c). Under these factual circumstances, the Court, in its discretion, declines to treat the Motion as a Rule 12(c) motion. *See Encompass Servs., PLLC v. Maser Consulting P.A.*, 2019 NCBC LEXIS 67, at *3 (N.C. Super. Ct. Nov. 5, 2019) (declining to treat an untimely Rule 12(b)(6) motion as a 12(c) motion when the 12(b)(6) motion was filed two months after the answer and the movant did not request that his motion be considered under Rule 12(c)).

20.     For the foregoing reasons, the Court concludes that the Motion is untimely, and it should therefore be DENIED to the extent that Defendant requests dismissal of Plaintiff's claims pursuant to Rule 12(b)(6).

## B.     Motion to Set Aside Orders

21.     In the alternative, Defendant vaguely requests that the Court "[set] aside the scheduling orders and stipulations that assess liability against Defendant Richard Mason; and" that the Court set aside any holdings related to the valuation of MGI stock. (Mot. 6; Br. 3.)

22.     Defendant's Motion fails to identify or cite to any specific court order that assesses liability against Defendant as it pertains to purchasing MGI's shares, and the Court is unaware of any such order. Based upon the Court's review of the record

and consideration of the arguments made at the May 14, 2020 hearing, it is the Court's understanding that Defendant is bound to purchase Plaintiff's MGI shares, not by court order, but by express agreements and stipulations between the parties.

23. Therefore, to the extent that Defendant requests that the Court set aside court orders, the Court DENIES the Motion, and for the reasons stated herein, the Court also DENIES Defendant's Motion to the extent that it requests the Court set aside stipulations made by the parties.

24. "It is within the discretion of the court to set aside a stipulation of the parties[.]" *Estate of Carlsen v. Carlsen*, 165 N.C. App. 674, 678, 599 S.E.2d 581, 584 (2004). "Application to set aside a stipulation must be seasonably made; delay in asking for relief may defeat the right thereto." *Norfolk S.R. Co. v. Horton and R.R. Co. v. Oakley*, 3 N.C. App. 383, 389, 165 S.E.2d 6, 10 (1969). Proper justifications for setting aside a stipulation include: misrepresentation or mistake as to material facts, undue influence, collusion, duress, fraud, and inadvertence. *Lowery v. Locklear Constr.*, 132 N.C. App. 510, 514, 512 S.E.2d 477, 479 (1999).

25. Defendant now requests that the Court relieve him of any obligation to purchase Plaintiff's MGI's shares nearly twenty-two months after the parties first stipulated to litigate over the value of shares instead of dissolution and nearly nineteen months after the parties stipulated to the relevant date for valuation. (*See* ECF Nos. 9, 43.)

26. Defendant argues that due to a substantial change in circumstances since the initiation of this action, specifically the conversion of MGI's bankruptcy from

Chapter 11 to Chapter 7 and the subsequent liquidation of MGI, requiring Defendant to purchase Plaintiff's MGI shares is inappropriate. (Br. 3–5.) Defendant further argues that the Court "should not allow the Plaintiff to proceed with litigating over the valuation of stock for a transfer that cannot occur." (Br. 3.) The Court finds Defendant's argument unavailing.

27. Mere change in circumstances or the fact that at the time the stipulations were made Defendant did not foresee MGI's liquidation is insufficient to justify setting aside any stipulation by the parties. *See Moore v. Richard W. Farms, Inc.*, 113 N.C. App. 137, 142, 437 S.E.2d 529, 532 (1993) (affirming that the plaintiffs were bound by their stipulation to be bound by a survey, the results of which they did not know at the time the stipulation was made).

28. When Defendant agreed to purchase Plaintiff's shares and stipulated to the date of valuation of the same, Defendant accepted the risk, and the potential benefit, of the possible future fluctuation of the value of MGI's shares. If the value of MGI's shares increased, Defendant stood to benefit; however, if the value of MGI's shares decreased, it would be to Defendant's detriment. Regardless of the "substantial change in circumstances" as described by Defendant, the Court declines to relieve Defendant from the agreement he made, with the advice of counsel, at the inception of this litigation.

29. In sum, Defendant's request for relief is not seasonably made and Defendant fails to establish any proper justification for setting aside the stipulations made by the parties. *See Lowery*, 132 N.C. App. at 514, 512 S.E.2d at 479.

Accordingly, the Court, in its discretion, DENIES Defendant's Motion to set aside the stipulations made by the parties in this litigation.

### III.  CONCLUSION

30. For the foregoing reasons, the Court hereby **DENIES** the Motion.

**SO ORDERED**, this the 26th day of May, 2020.

/s/ Michael L. Robinson

Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases